# SUPREME COURT.

ROBERT J. LIVINGSTON agt. JANE A. PAINTER, Administratrix, &c., of WM. R. PAINTER, and THOMAS E. BOYES, respondents.

An *agreement* entered into between the *first and second mortgagees* of the same premises, that the first mortgagee should waive his option to claim the whole principal sum due on his mortgage, on default of payment of interest, in consideration that the second mortgagee would—*First.* Pay the interest in arrear. *Second.* Prosecute the foreclosure of the second mortgage to the earliest possible conclusion; and, *Third.* In the event of the second mortgagee buying in his own name or otherwise, at the foreclosure sale, the mortgaged premises, he should reduce the principal sum secured by the first mortgage, by paying on account of the same the sum of $3,000, is an agreement which entitles the party showing a violation of it by the other, to a decree in a court of equity for a *specific performance.* (*This decision reverses S. C. at special term,* 24 *How. Pr. R.* 231.)

*New York General Term, February,* 1865.

*Before* INGRAHAM, *P. J.,* CLERKE *and* SUTHERLAND, *Justices.*

THIS was an appeal from a judgment of the special term dismissing the plaintiffs' complaint, on the ground that it did not present a case for the equitable interposition of the court. The opinion below is reported in 24 *How. Pr. R.,* 231.

The action was brought to compel the specific performance of an agreement entered into between Alexander Hamilton, Jr., executor, &c., the assignor of the plaintiff, and William R. Painter, the defendant's intestate. The agreement recited that Painter was the owner of a second mortgage on the leasehold premises No. 84 Leonard street, for $12,340, which he was then foreclosing; that Hamilton as executor, was the owner of a first mortgage for $12,000 on the same premises, the principal of which had at the option of said Hamilton become due in consequence of a default in the payment of interest; that Hamilton had agreed to waive this option, and in consideration thereof Painter agreed,—First. To pay the interest in arrear. Second. To

prosecute the foreclosure of the second mortgage to the earliest possible conclusion; and, Third. In the event of said Painter buying in his own name or otherwise, at the foreclosure sale the said leasehold, he should reduce the principal sum secured by the first mortgage, by paying on account of the same the sum of $3,000.

The complaint after setting up the agreement, alleged that Painter obtained a judgment of foreclosure of the second-mortgage, under which the leasehold was sold at auction, and bought in the name of the defendant Boyes, who received the sheriff's deed; that Painter bought the lease in the name of Boyes for the purpose of evading the above agreement; that Boyes paid no consideration for the leasehold, and that he acted as a mere cover, agent or trustee for Painter; that Painter failed to reduce the first mortgage by paying $3,000 on account thereof, and that the bond, mortgage and agreement had been assigned to the plaintiff.

The complaint demanded, First. That the sheriff's deed to Boyes be declared fraudulent and void so far as it prevented the specific performance of the agreement. Second. That Painter reduce the first mortgage by paying on account of the same the sum of $3,000; and, Third. For general relief.

On the trial of the action at the November special term, 1862, the court dismissed the complaint upon the pleadings and the plaintiff's opening. From that judgment the plaintiff appealed to the general term.

Lewis L. Delafield, *for appellant.*

I. It is submitted with great respect, that the learned court erred in dismissing the complaint in this action. It should have heard the evidence, and have granted the plaintiff " any relief consistent with the case made by the complaint, and embraced within the issue," irrespective of the prayer of the complaint, and whether that relief was

legal or equitable. (*Code*, § 275; *Marquat* agt. *Marquat*, 12 *N. Y. R.* 341; *Emery* agt. *Pease*, 20 *N. Y. R.* 63; *The N. Y. Ice Co.* agt. *North Western Ins. Co.* 23 *N. Y. R.* 359; *Barlow* agt. *Scott,* 24 *N. Y. R.* 45; *Phillips* agt. *Gorham,* 17 *N. Y. R.* 270; *Crary* agt. *Goodman,* 12 *N. Y. R.* 266; *Dobson* agt. *Pearce,* 12 *N. Y. R.* 165.)

(*a*) When the defendant has answered, " the demand of relief in the complaint becomes immaterial. The case made by the complaint and the limits of the issue alone determine the extent of the power of the court." By JOHNSON, J., in *Marquat* agt. *Marquat, supra.*

(*b*) The prayer for relief being immaterial, the court must grant whatever remedy the plaintiff shows himself entitled to, whether he has demanded it or not. In *Marquat* agt. *Marquat, supra*, the demand was for equitable relief only (specific performance); the cause was tried at the special term, and the court awarded legal relief only (damages). In *Emery* agt. *Pease, supra*, the demand was for legal relief only (money due on contract), and the court ordered equitable relief only (an accounting), holding that " if the case which the plaintiff states entitles him to any remedy, either legal or equitable, his complaint is not to be dismissed because he has prayed for a judgment to which he is not entitled " (20 *N. Y. R.* 64).

(*c*) In this action the complaint demands, 1st, equitable relief, and 2d, such further or other relief as shall be agreeable to equity.

II. The defendants waived a trial by jury by not demanding it when the case came on for trial. (*Barlow* agt. *Scott,* 24 *N. Y. R.* 46; *Greason* agt. *Keteltas,* 17 *N. Y. R.* 491, 498.)

III. If the defendants had demanded and were entitled to a trial by jury, the complaint should not have been dismissed, but the court should have transferred the action to the circuit. (*Code*, §§ 69, 275, *and above cases ; Stevenson* agt. *Burton,* 15 *Abb. Pr. R.* 355.)

IV. The defendants object that the plaintiff shows no ground for equitable relief, and that he has a perfect remedy at law. The answer to that is, that the defendants have omitted to raise this objection in their answers, and that it comes too late at the hearing. (*Truscott* agt. *King*, 2 *Seld. R.* 165 ; *Le Roy* agt. *Platt*, 4 *Paige's R.* 77 ; *Wiswall* agt. *Hall*, 3 *Id.* 314 ; *Grandin* agt. *Le Roy*, 2 *Paige's Ch. R.* 509.)

V. The court below erred in its conclusion of law, " that the complaint in this action does not present a case for the equitable interposition of the court. Judgment must thereupon be entered dismissing the complaint." The plaintiff was entitled to a decree for specific performance. (*Phillips* agt. *Berger*, 2 *Barb. R.* 608 ; 8 *Id.* 527 ; *Ball* agt. *Coggs*, 1 *Brown Cas. in Par.* 140 ; *Colt* agt. *Nettervill*, *P. Wms. R.* 304 ; *Adderley* agt. *Dixon*, 1 *Sim. & Stu. R.* 607 ; *Buxton* agt. *Lister*, 3 *Atk. R.* 383.)

(*a*) It is said in the older decisions, that the general rule is not to entertain jurisdiction in equity for the specific performance of contracts relating to personalty.

(*b*) Judge STORY places the rule on a more philosophical ground, and " limits it to cases where a compensation in damages furnishes a complete and satisfactory remedy " (2 *Story's Eq. Jur.* §§ 718, 724, *n.* 2).

VI. Such is the law in this state, and it is now settled that the rule that the specific performance of a contract relating to chattels will not be decreed, is limited to cases where a compensation in damages would furnish a complete and satisfactory remedy. (*Phillips* agt. *Berger*, 2 *Barb. R.* 608 ; *Phillips* agt. *Berger*, 8 *Id.* 527 ; 2 *Parsons' Con.* 511, 529 ; 2 *Story's Eq. Jur.* §§ 716, 718, *et seq.* ; 1 *Sugden on Vendors*, *p.* 273, *and n.* 1.) The fact that the relief contemplates the payment of money, is immaterial. The learned judge erred in this respect. (*Phillips* agt. *Berger*, *supra* ; *Crary* agt. *Smith*, 2 *Coms. R.* 60.)

VII. Equity also enforces contracts in relation to per-

sonalty, when the effect of the breach of the contract cannot be known or estimated with any exactness, either because the effect will show itself after a long time, or for any other reason. (*Ball* agt. *Coggs, supra*; *Buxton* agt. *Lister, supra*; *Adderley* agt. *Dixon, supra*; 2 *Parsons' Con.* 532.)

VIII. The action is brought to compel Painter to perform an agreement by which he undertook in a certain event "to reduce the principal sum secured by the said first mortgage, by paying on account of the same the sum of $3,000."

(*a*) The agreement was "to reduce" the mortgage. The mode of accomplishing this is immaterial, and should not influence the court.

(*b*) The agreement is not to pay money, it is to do a particular thing, to wit: to reduce a mortgage.

(*c*) The difference is apparent from the results that follow. If the agreement is for the payment of money only, and Lawrence, the mortgagor, pays off the mortgage before Painter pays the $3,000, this would be no defence to him for not paying that amount. Otherwise, if the agreement is to reduce the mortgage.

(*d*) This was plainly not the intention of the parties. Painter agreed to reduce the mortgage, because he expected to buy the mortgaged premises. Mr. Hamilton could not, as executor, demand a price for his indulgence,—but it was his duty to increase his security by reducing the mortgage.

(*e*) The agreement was in effect a contract for additional security and further assurance, which can always be enforced in equity (*Lewis* agt. *Wilson*, 1 *Edw. R.* 305).

IX. The intention of the parties can only be effected by the specific performance of the contract; no other relief would furnish a complete remedy.

(*a*) It would be impossible for a jury to estimate with

any exactness the damages sustained, because it may not be known for a long time, and it would be said :

1. That it did not follow that Lawrence would not pay off the mortgage.

2. That it did not follow that if the property were sold under foreclosure, it would not bring enough to pay the mortgage debt. This difficulty alone brings the case within the rule stated at point VII.

(b) Whatever damages a jury might award, would be by way of penalty for a breach of the contract, and would not be applied to reduce the mortgage. This would be injurious,—

1. To Lawrence, the mortgagor.

2. To Painter, who bought the property subject to the mortgage.

3. To Mr. Hamilton, who would have an uncertain verdict, instead of the amount agreed upon.

X. The plaintiff, therefore, insists that the learned judge erred in holding "that the damages caused by the delay, are capable of being measured and ascertained by a jury," and that "the plaintiff's redress is by an action for damages."

XI. And that he erred in holding that "if the plaintiff has sustained any injury, it is in consequence of the delay in not prosecuting a foreclosure of the first mortgage."

(a) If the plaintiff had foreclosed, he would have been guilty of as gross a breach of faith as is the defendant.

(b) He could not have foreclosed, because Painter paid the interest in arrear.

XII. If Mr. Hamilton had attempted to foreclose the $12,000 mortgage contrary to the terms of this agreement, the defendant Painter could have obtained a perpetual injunction against him. This being admitted, it necessarily follows that Mr. Hamilton and his assignees have a reciprocal remedy in equity to compel the specific performance

of the same agreement. (*Phillips* agt. *Berger*, 8 *Barb. R.* 528 ; 2 *Id.* 611; 2 *Story's Eq. Jur.* § 723.)

XIII. The remedy in equity must be mutual. Where a bill will lie in favor of one party, it will lie in favor of the other. The controlling inquiry is, would an action at law afford to the defendant a complete remedy if the plaintiff refused to carry out his agreement ? If it would not, and the defendant would be allowed to resort to equity, the plaintiff may do the same. (*Phillips* agt. *Berger*, 2 *Barb. R.* 611; *Withy* agt. *Cottle*, 1 *Sim. & Stu. R.* 174; *Adderly* agt. *Dixon*, *Id.* 612 ; *Cathcart* agt. *Robinson*, 5 *Peters' R.* 264.)

(*a*) It is only upon the ground of reciprocal remedy that suits in courts of equity by the vendor against the vendee, to compel the specific performance of contracts to pur-chase, can be maintained. (*Crary* agt. *Smith*, 2 *Coms. R.* 60 ; *Brown* agt. *Hoff*, 5 *Paige R.* 240 ; *Lewis* agt. *Lechmere*, 10 *Mod. R.* 506 ; *Cathcart* agt. *Robinson*, 5 *Peters' R.* 278.)

(*b*) It is not because there is a distinction between realty and personalty, nor because there is more stability in the one than the other. (*Adderley* agt. *Dixon*, 1 *Sim. & Stu. R.* 174 ; 2 *Story's Eq. Jur.* § 717.)

XIV. Courts of equity have no discretion to refuse equitable relief where they have jurisdiction, unless fraud or circumstances amounting to fraud appear. Except in such cases, it is as much of course to decree a specific per-formance as it is to award damages at law. (*Hall* agt. *Warren*, 9 *Vesey's R.* 608 ; *Seymour* agt. *Delancey*, 3 *Cow. R.* 505 ; *Willard's Eq. Jur.* 262 ; *Bowen et al.* agt. *The Irish Presby. Cong.* 6 *Bos. R.* 268.)

XV. The discretion which is reserved is not arbitrary and capricious, but must be guided by law and governed by rule, It is retained for the sole purpose of preventing contracts in which fraud appears, from being enforced through the medium of courts of equity. (1 *Sugden on Vendors*, 274 ; *Seymour* agt. *Delancy*, 3 *Cow. R.* 451, 505,

521, 525; *Rex* agt. *Wilkes*, 4 *Burrows*, 2539; *Viele* agt. *Troy & Boston RR. Co.* 21 *Barb. R.* 394; *Davis* agt. *Symonds*, 1 *Cox's Ch. R.* 407; *St. John* agt. *Benedict*, 6 *John. Ch. R.* 117; *Jenkins* agt. *Hogg*, 2 *Cons. R.* 841; *Clement* agt. *Reid*, 9 *Smedes & Marsh. R.* 535.)

XVI. In this action the motion to dismiss the complaint was made upon the pleadings, and before any evidence was introduced.   There is nothing in the agreement between Mr. Hamilton and Painter that is harsh or unreasonable, much less fraudulent.   It is, therefore, submitted with great respect that the learned judge erred in supposing that he had any discretion to refuse the relief prayed for, and that he erred in dismissing the complaint in the exercise of this supposed discretion.

XVII. This action is peculiarly of an equitable nature. It is brought to have the sheriff's deed to Boyes declared fraudulent and void (3 *R. S.* 15, §§ 51, 52).

XVIII. The judgment should be reversed and a new trial ordered, with costs to the appellant.

R. M. HARRINGTON, *for respondents.*

By the court, SUTHERLAND, J.   The agreement of Painter, the holder of the second mortgage, if he bought "in his own name or otherwise," at the sale under the foreclosure of his mortgage, that then he should and would reduce the principal sum secured by the first mortgage (held by Hamilton as executor, &c.), by paying on account of the same $3,000, was a lawful and valid agreement, for a sufficient and lawful consideration; the consideration being the agreement of Hamilton to waive his option of considering the whole principal of his mortgage due and payable for non-payment of interest; and Painter avers in his answer that Hamilton in fact waived his option to consider the whole principal due, by actually, soon after the making of the agreement, receiving from him the interest.   It is easy

Livingston agt. Painter.

to say that the waiver of Hamilton of his right to foreclose his mortgage for the whole principal and interest, might be, and probably was, very beneficial to the holder of the second mortgage. The complaint alleges in substance, that on the sale under the foreclosure of Painter's mortgage, the defendant Boyes purchased the mortgaged premises or interests, and took the sheriff's deed in his name, at the instance and for the benefit of Painter, and with full knowledge of the agreement between Hamilton and Painter, for the purpose of enabling Painter to evade the agreement; and that Boyes paid no money, but gave a mortgage to Painter for the whole amount of the purchase money.

The specific relief asked by the complaint is: 1st. That the sheriff's deed to Boyes be declared fraudulent, inoperative and void, so far as it prevents the specific performance of the agreement by Painter to reduce the principal of the first mortgage by paying the $3,000 on account thereof. 2d. That the defendant Painter be adjudged to reduce the principal of the mortgage by paying the $3,000 on account thereof. The complaint also asks for general relief.

It is plain, I think, that the complaint shows a *prima facie* right in the plaintiff (Hamilton's assignee), to come into a court of equity at least for the purpose of obtaining the relief first specifically asked for, and if so, it is perfectly clear that a court of equity having jurisdiction for such purpose, could proceed and give the relief secondly specifically asked for, though the plaintiff might have obtained such last mentioned relief in a court of law. But I do not see how the plaintiff could have obtained this relief in a court of law. The relief is, that Painter be decreed to reduce the principal of the mortgage according to his agreement by paying $3,000 on account of the principal. Certainly a court of law could not grant this relief. The plaintiff asks for a specific performance of his agreement, and I think the pleadings show *prima facie*, that he has a right to it. I do not see how the plaintiff could

recover anything beyond nominal damages at law, without showing that his mortgage had been foreclosed for the whole principal, and that the mortgaged premises or interests did not bring sufficient to pay the mortgage.

It appears to me that the plaintiff's complaint was inadvertently dismissed, as it was on his opening and the pleadings, and that the judgment should be reversed and a new trial ordered, with costs to abide the event of the action.

INGRAHAM, J. Even if the prayer in the complaint was merely for a sum of money, the facts set out therein show a good cause of action in equity, on which the plaintiff was entitled to relief. If so, and the court had jurisdiction, it could give such relief as the party was entitled to, including a judgment for money if proper.

I concur in reversing the judgment.

ERRATA.

In the case of *Cotes* agt. *Carroll, ante,* p. 436, in the head note, 8th line and second word, for "the" read "an." On page 437, line 23d, for "defendants" read "plaintiffs," and on page 442, for "*Id.*" read "*How.*"