POTTER v. HODGMAN et al.

(Supreme Court, Appellate Division, Third Department. March 11, 1903.)

1. TRUSTS—CREATION—WILLS—CONSTRUCTION.

Where a will declared that executors should use the real property previously bequeathed to them in trust to the support of testator's son during his natural life, and declared that the trustees were empowered to sell such real estate, or any part thereof, to carry out the provisions of the trust, the will created a valid trust for the support of the son, and vested the title to the real estate in the executors.

2. SAME—POWER TO MORTGAGE.

Where a will devised real estate to a trustee to apply the rents and profits to the support of testator's son, and authorized the trustee to sell the real estate, or any part thereof, to carry out the provisions of the trust, the trustee was not thereby empowered to mortgage any part of the land so devised.

3. SAME—MORTGAGE BY TRUSTEES—APPROVAL BY COURT.

Where, in an action to foreclose a mortgage, by a trustee, which the instrument creating the trust did not empower him to give, there was no evidence of necessity for the mortgage, or showing that the funds received were applied to the benefit of the cestui qui trust, a contention that the court, in granting foreclosure of the mortgage, must be deemed to have approved and ordered the same, could not be sustained.

Appeal from Special Term.

Action by Ada J. Potter against Alfred C. Hodgman, as administrator and trustee with the will annexed of Mary Eldridge, deceased, and others, for the foreclosure of a mortgage given by one Armstrong as trustee under the will of said decedent. Defense was that under the trust the trustee had no authority to mortgage the property in question. From a judgment in favor of plaintiff decreeing foreclosure, defendants appeal. Reversed.

Argued before PARKER, P. J., and CHASE, CHESTER, and LYON, JJ.

Edgar Hull (C. H. Sturges, of counsel), for appellants.
R. O. Bascom (Edgar T. Brackett, of counsel), for respondent.

PARKER, P. J. Upon the argument of this appeal both parties seem to agree that the executors named in the will in question took the real estate in trust to receive the rents and profits thereof, and to apply the same to the support and maintenance of the testatrix's son, William H. Eldridge, during his life; and they seem further to agree that such trust was also broad enough to allow the trustee to

apply the real estate itself to such support and maintenance if the income therefrom should prove insufficient. And the respondent, basing his argument upon such a situation, claims that the trustee, under such a trust, took the legal title, and that, as one of the methods of "applying" such real estate to the support of the son, he was authorized to mortgage it to secure money borrowed for that purpose. He claims, therefore, that the mortgage in question, being given by one who had succeeded to the full powers of those named in the will, was permitted by the provisions of this trust, and that this plaintiff was protected in receiving it as a security for the money she loaned him.

Unless by the phrase, "use and apply the real property hereinbefore bequeathed to them in trust to the support and maintenance of my said son, William H. Eldridge, for and during the period of his natural life," we are to assume that the right "to receive the rents and profits" of such real estate and "apply them" to the use of said Eldridge was given, no valid trust was created. Real Property Law, § 76 (Laws 1896, c. 547). If the words "use and apply" mean merely to sell the property, and use the money received therefrom to support the son, then no title vested in the trustee. It was a mere naked power, under section 77, and clearly no right to mortgage was given. So, if by that phrase it was intended that the trustee should receive the rents and profits and apply them, only, to the son's support for life, then a right to mortgage the real estate would clearly not be included within the provisions of the trust. It is not at all clear which scheme was intended by the testatrix, but, in view of the provisions in the fourth clause of the will, empowering the trustee "to sell and convey said real property, or any part thereof, for the effectual carrying out of the provisions of the trust," it would seem that she understood that a trust was created, and anticipated that at some time the real estate itself would be needed to effectually carry out its provisions; and therefore I am inclined to adopt that construction upon which the parties hereto seem to be agreed. But I would not reach that conclusion were it not for the provisions of the fourth clause, last above cited, and hence I cannot ignore the full meaning and effect of such clause in determining what are the powers devolved upon the trustee by the provisions of this trust. Under this construction he is directed to receive the rents, etc., and apply them to the support of the son. If, however, they prove insufficient, and it becomes necessary to "apply" the real estate itself to that purpose, there is a specific direction in the will as to how he shall make that application. He shall sell and convey it. Clearly, he is not, by that direction, authorized to mortgage. Am. & Eng. Ency. of Law, vol. 27, page 225; Coutant v. Servoss, 3 Barb. 128, 140, 141; Shaw v. Saranac Horse Nail Co., 144 N. Y. 220, 224, 39 N. E. 73. And so the specific duty which the trust imposes upon him is to sell the real estate whenever it becomes necessary to apply it to the son's support. In the face of this direction and power, was it necessary for him to mortgage in order to "apply" the real estate to the purposes of the trust? Was it proper for him to do so? It

may have been a better method, but was it the one provided for by the provisions of the trust? Clearly, it was not. Had there not been any provision for a sale, then, possibly, the court might have ordered a mortgage, as was done in Rogers v. Rogers, 111 N. Y. 228, 18 N. E. 636; but in the face of such a power of sale a mortgage seems to be utterly unnecessary, and substantially in contravention of the terms of the trust.

It is suggested that, had the trustee applied to the court for leave to make application of the real·estate to the son's support by means of a mortgage thereon, the court would have authorized one to be given, and that what the court would have then ordered the court may be deemed to have approved and ordered in granting the judgment of foreclosure and sale in this action, and 2 Perry on Trusts (4th Ed.) § 476, is cited as authority for the latter proposition. But, in the first place, it is begging the question to assume that the court would have made such an order. Inasmuch as the terms of the trust provided a method of so applying the real estate, the court would doubtless have left the trustee to follow the instructions therein contained. O'Connor v. Waldo, 83 Hun, 489, 491, 31 N. Y. Supp. 1105. But, if the court would have at all interfered with its provisions in that respect, it would have done so only on clear proof made that proper reasons existed for the same. No proof whatever upon those questions appears to have been made to the court that is supposed to have now approved and made such an order. Upon the trial of this action it is not made to appear that the income was not enough to support the son. It is not made to appear that the property needed any repairs, nor that any reason existed why a mortgage should have been given at the time the one being foreclosed was taken. And it is quite doubtful, from the evidence, that any considerable portion· of the $1,300 advanced to the· trustee was actually applied to the support of the son, or even to the benefit of the trust property itself. No facts were established on the trial in the court below that can be considered in any way to have enlarged the authority of the trustee to execute a mortgage upon the trust property beyond what appears from the terms of the will itself. That will must be supposed to have been before the plaintiff when she made the loan and took this mortgage; and from it's terms she was, in my opinion, bound to take notice that it gave no authority to the trustee to execute the mortgage in question. The mortgage was, therefore, void (Bloomer v. Waldron, 3 Hill, 361, 371), and, she having notice that the trustee was acting beyond the scope of his authority in executing it, is not protected by any principle of equity to which I am referred. A judgment directing a foreclosure and sale under such mortgage was unwarranted, and must, therefore, be reversed.

Judgment reversed, and new trial granted, with costs to appellant to abide event. All concur.