In the Matter of the Petition of JOHN H. O'DONNELL, as Trustee under the Will of JAMES O'DONNELL, Deceased, et al., Appellants, for Leave to Sell Real Property.

JAMES J. O'DONNELL et al., Respondents.

Real property — decedent's estate — proceeding under Real Property Law (Cons. Laws, ch. 50, §§ 105, 107) for sale of trust property by trustee thereof — power of court under the statute to order sale of estates in remainder — when order directing such sale authorized and should be sustained.

1. Testator directed the trustees appointed by his will to control and pay the net income from his real estate to his widow during her life, and that no part of his real estate should be sold until

after the arrival of the youngest son at the age of twenty-one years, nor until after the decease of his wife — the latter of which events has not occurred. The will devised the remainder of his estate to testator's four sons. The respondents are infant remaindermen, children of a deceased son. This proceeding, instituted by a petition, under sections 105 and 107 of the Real Property Law (Cons. Laws, ch. 50), seeks an order of the court authorizing and directing the petitioner to sell the real estate. Indisputably the conservation and existence of the trust estate and the creation of an income for the widow required the sale of the real estate. While the court does not possess, inherently, the power to order a sale or mortgaging of an infant's real property, the power may be given by the legislature. The language of the sections of the Real Property Law referred to as it now stands expresses clearly the legislative intention that the Supreme Court may, speaking generally, order a trustee to sell all the interests constituting the title in fee simple to real property of the trust estate, under the facts and conditions prescribed by them. Their provisions justified and authorized the order of the Special Term directing the sale which the Appellate Division reversed.

2. The court does not pass upon the question as to whether or not the sections in question of the Real Property Law validly and in fact authorized an order for the sale or mortgaging of the estates in remainder of adult parties to the proceeding without their consent for the purposes specified in the statute. (*Losey* v. *Stanley*, 147 N. Y. 560; *Matter of Easterly*, 202 N. Y. 466; 204 N. Y. 586, distinguished.)

*Matter of O'Donnell*, 178 App. Div. 928, reversed.

(Argued June 6, 1917; decided July 11, 1917.)

Appeal from an order of the Appellate Division of the Supreme Court in the second judicial department, entered May 15, 1917, which reversed an order of Special Term granting an application for permission to sell real property of James O'Donnell, deceased, and denied said application.

The facts, so far as material, are stated in the opinion.

*Michael J. Joyce* for appellants. The conveyance of the real property, the subject of the trust, in conformity with the order of the Special Term granting leave, etc., is not a conveyance in contravention of the trust, and is

not obnoxious to the statute prohibiting such conveyance. (*U. S. Trust Co.* v. *Roche*, 116 N. Y. 120; *Matter of Morris*, 133 N. Y. 693; *Ebling* v. *Dreyer*, 149 N. Y. 460; *Matter of Asch*, 75 App. Div. 486.) The state as *parens patriæ*, in the exercise of its sovereign power, speaking through the legislature, may lawfully authorize the sale or mortgage of the estates of infants and of other persons incompetent to manage their own affairs, and the legislation as to infants' estates, contained in sections 105 and 107 of the Real Property Law, is a legitimate and constitutional exercise of such authority. (*Powers* v. *Bergen*, 6 N. Y. 358; *Leggett* v. *Hunter*, 19 N. Y. 446; *Brevoort* v. *Grace*, 53 N. Y. 245; *Ebling* v. *Dreyer*, 149 N. Y. 460.)

*Peter Condon* for respondents. The court was without the power to grant the order appealed from, because the sale proposed to be made by the trustee and which was authorized by the order appealed from was in direct contravention of the terms of the trust as expressed in the will of James O'Donnell and was expressly prohibited by the terms of that instrument, and such sale is not authorized by any of the statutes which have been passed amending or supplementing the sections of the Real Property Law prohibiting such sales. (*Gobel* v. *Iffla*, 111 N. Y. 170; *Losey* v. *Stanley*, 147 N. Y. 560; *Matter of Easterly*, 202 N. Y. 466.)

COLLIN, J. The proceeding, instituted by a petition, is under sections one hundred and five and one hundred and seven of the Real Property Law (Cons. Laws, ch. 50). It seeks an order of the court authorizing and directing the petitioner, John H. O'Donnell, as successor trustee under the will of James O'Donnell, deceased, to sell the real estate devised to and controlled by the trustee. The Special Term granted the order, upon conditions irrelevant to the question presented to us, which the Appellate Division reversed, and erroneously, upon the

ground that the court had not the power to order the sale of the estates in remainder.

The cardinal facts are: The will was probated in 1874. It devised the real estate in trust during the life of Olivia C. O'Donnell, the widow of the testator. It directed the trustees to control and pay the net income from the real estate to her during her life, and that no part of the real estate should be sold until after the arrival of the youngest son of the testator at the age of twenty-one years, nor until after the decease of his wife — the latter of which events has not occurred. It devised the remainder estate to testator's four sons. Infant remaindermen are the respondents here. Through causes which need not be detailed, the gross income from the real estate through the several years last past has not equalled and now falls far short of equalling the taxes levied upon it, while its value has greatly increased, and indisputably and obviously the conservation and existence of the trust estate and the creation of an income for the widow require the sale of the real estate. The guardian *ad litem* states in his brief for the infant respondents: " The guardian may be permitted to say here that if the court had the power to make the order asked for, ample grounds are shown by the petition and other records to justify the exercise of that power in favor of the granting of the order." The trustee has entered into a contract, subject to the approval of the court, to sell the real estate for the fair and adequate price of one hundred and forty-eight thousand dollars. All the surviving adult remaindermen filed their written consent that the order be granted.

The petitioners correctly and necessarily invoke statutory provisions as the sole source of authority to order the sale. The court does not possess, inherently, the power to order a sale or mortgaging of an infant's real property. (*Losey* v. *Stanley*, 147 N. Y. 560.) The power may be given by the legislature. (*Ebling* v. *Dreyer*, 149

N. Y. 460; *Brevoort* v. *Grace*, 53 N. Y. 245.) The statutory provisions invoked are the sections of the Real Property Law already referred to and which provide: "If the trust is expressed in the instrument creating the estate, every sale, conveyance or other act of the trustee, in contravention of the trust, except as provided in this section, shall be absolutely void. The Supreme Court may, by order, on such terms and conditions as seem just and proper, authorize any such trustee to mortgage or sell such real property, or any part thereof, whenever it appears to the satisfaction of the court that said real property, or some portion thereof, has become so unproductive that it is for the best interest of such estate or that it is necessary or for the benefit of the estate to raise funds for the purpose of preserving it by paying off incumbrances or of improving it by erecting buildings or making other improvements, or that for other peculiar reasons, or on account of other peculiar circumstances, it is for the best interest of said estate, and whenever the interest of the trust estate in any real property is an undivided part or share thereof, the same may be sold if it shall appear to the court to be for the best interest of such estate. * * *." (Sec. 105.) "The Supreme Court shall not grant an order under either of the last two preceding sections unless it appears to the satisfaction of such court that a written notice stating the time and place of the application therefor has been served upon the beneficiary of such trust, and every other person in being having an estate vested or contingent in reversion or remainder in said real property at least eight days before the making thereof, if such beneficiary or other person is an adult within the state, or if a minor, lunatic, person of unsound mind, habitual drunkard or absentee; until proof of the service on such beneficiary or other person of such notice as the court or a justice thereof prescribes. * * * In case the application is granted, the final order must authorize the real property

affected by the trust or some portion thereof, to be mortgaged, sold or leased, upon such terms and conditions as the court may prescribe. * * * A mortgage, conveyance or lease made pursant to a final order granted as provided in this and the last two preceding sections shall be valid and effectual against all minors, lunatics, persons of unsound mind, habitual drunkards and persons not in being interested in the trust or having estates vested or contingent in reversion or remainder in said real property, and against all other persons so interested or having such estates who shall consent to such order, or who have been made parties to such proceeding as herein provided." (Sec. 107.) The language of these sections expresses clearly the legislative intention that the Supreme Court may, speaking generally, order a trustee to sell all the interests constituting the title in fee simple to real property of the trust estate, under the facts and conditions prescribed by them. The Appellate Division, however, deemed our decision in *Matter of Easterly* (202 N. Y. 466; 204 N. Y. 586) of a contrary effect, and on the authority of it reversed the order of the Special Term. That court failed to discern that there are fundamental differences between the facts of the *Easterly* case and those of the instant case.

We did decide in *Losey* v. *Stanley* (147 N. Y. 560) that a court was not empowered by the then existing legislation (the 65th section of the Statute of Uses and Trusts, as amended by chapter 257 of the Laws of 1886) to authorize a trustee to sell estates in remainder upon the trust estate. The legislation then existing did empower the Supreme Court to authorize a trustee to mortgage or sell real property of the trust estate whenever it appeared that the preservation or improving or the best interests of the estate required it. We held: the trust estate was, in that case, the estate for the life of the beneficiary; the estates in remainder were outside of and not within the trust estate; the statute in no wise vested in the

court a compulsory power to order the sale or mortgage of estates outside the trust; and Chief Judge ANDREWS writing the opinion said: "It [the statute] makes no reference to infants or persons incapable of acting for themselves, and if the construction claimed could be sustained it would authorize the court to order the sale or mortgage of the estates in remainder of adults without their consent, for the purposes specified, which would be plainly unconstitutional. (*Powers* v. *Bergen*, 6 N. Y. 358; *Brevoort* v. *Grace*, 53 N. Y. 245.) * * * It was to vest in the court the power to order a sale or mortgage * * * when necessary to preserve and improve the trust estate, and this purpose is emphasized by the circumstance that notice of the application is required by the final clause of the amendment to be given only to the beneficiaries of the trust." (p. 572.) The *Losey* case was decided in November, 1895.

In March, 1897, chapter 136 of the laws of that year was enacted. It amended the Statute of Uses and Trusts as presented to us in the *Losey* case in such wise that it contained the provisions of sections one hundred and five and one hundred and seven of the Real Property Law, quoted by us, with a single difference. It provided that a mortgage, conveyance or lease made pursuant to a final order should be valid and effectual against incompetent persons "and persons not in being interested in the trust or having estates vested or contingent in reversion or remainder in said real property, and against all other persons so interested or having such estates who shall consent to such order, or who having been made parties to such proceeding as herein provided, shall not appear therein and object to the granting of such order." This provision was amended by chapter two hundred and forty-two of the Laws of 1907 by omitting from it the words "shall not appear therein and object to the granting of such order," and by changing the words "having been made parties" to "have been made parties." Our

decision in the *Losey* case thereby became inapplicable to cases which arose after the adoption of the act of 1897. A reading, in comparison, of chapter 257 of the Laws of 1886 and the sections of the Real Property Law in question discloses with so great clearness and certainty the correctness of such statement that we deem it needless to state here a detailed and comparative analysis of those provisions. The language of the sections expresses clearly, as we have already stated, the legislative inten-. tion that the Supreme Court may, speaking generally and regardless of cases involving exceptional facts, order a trustee to sell all the interests constituting the title in fee simple to. real property of the trust estate under the facts and conditions prescribed by them. Their provisions justified and authorized the order of the Special Term which the Appellate Division reversed.

Our decision in *Matter of Easterly* (202 N. Y. 466; 204 N. Y. 586) was not inconsistent with those provisions and did not authorize the reversal. We there ultimately decided that the provisions did not empower the Supreme Court to order in that case the trustee to sell real property within the trust estate to produce funds to be used in repaying to the trustee moneys which the trustee had, without need or authority, advanced toward the necessary care and maintenance of the real property, and the sum of an indebtedness of the testator creating the trust estate to the trustee. The will in that case made adequate provision, exclusive of the real property affected by the order, for paying all the debts of the testator, and for maintaining the real property. The trustee, who was also the executrix, failed to observe them. The proceeding was commenced twelve or more years after the testator's death and about nine years after the final judicial settlement of the accounts of the executrix. All of the residuary legatees and devisees under the will were adults, and by answer in the proceeding and by consistent protest and argument in all the courts objected

to the granting of the order to sell. Upon the presentation of the appeal to this court the existence of the amending act of 1907 was not brought within our knowledge and consideration. (*Matter of Easterly,* 202 N. Y. 466.) The case standing thus before us, we held that the rules enunciated in the *Losey* case obviously dictated the reversal of the order. The briefs submitted in the motion for re-argument caused us, by directing our attention to the amendment of 1907, to discern that the decision in the *Losey* case might not control us in deciding the *Easterly* case, and to reconsider the facts upon which the order was sought. Our conclusion was that those facts did not, under the statutory conditions empowering the court to grant the order, justify or support the order, and we said: "A further examination of the record convinces us that if the amendment of 1907 has the effect claimed by counsel for the respondent nevertheless the decision on this appeal should not be changed. This further statement is made for the purpose of expressly disclaiming that the language used in the opinion reported herein in 202 N. Y. 466 was made with intent to construe and interpret the said statute of 1907. The language used in that opinion was made wholly without reference to said amendment of 1907." (*Matter of Easterly,* 204 N. Y. 586, 588.)

We do not decide or state that we have heretofore decided the question as to whether or not the sections in question of the Real Property Law validly and in fact authorize the court to order the sale or mortgaging of the estates in remainder of adult parties to the proceeding without their consent for the purposes specified in the statute. The non-consenting remaindermen here are infants.

The order should be reversed, and the order of the Special Term affirmed, without costs.

CHASE, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Order reversed, etc.