Willis G. Bostwick, Appellant, *v.* Bray Dickinson Hall and Others, Respondents, Impleaded with Mark C. Hanville and Others, Defendants.

Third Department, May 5, 1920.

**Trusts — trust for support of child for life with remainder over to heirs in case cestui que trust die without issue — power of sale — validity of mortgage.**

The testatrix, who died in 1894, left certain real property in trust for the benefit of her son and in case he should die without issue the property was to pass absolutely to the heirs at law. The will provided that if the income should not be sufficient to take care of the purposes for which the trust was created then the trustee might sell the real property and apply the proceeds to the purposes of the trust. In 1895 proceedings were instituted under chapter 886 of the Laws of 1895, amending the Revised Statutes (1 R. S. 730, § 65) relative to uses and trusts (now Real Property Law, §§ 105–107), and an order was granted without notice to the remaindermen authorizing a mortgage on the premises in question and a mortgage was executed, but being invalid as to the remaindermen, a further proceeding was instituted in 1898 under the same statute, as revised by sections 85 and 87 of the former Real Property Law, as amended by chapter 136 of the Laws of 1897, on notice to the remaindermen, asking leave to execute a new mortgage to raise money to pay the first and for an additional sum. In the last proceeding an order of reference was made to take proof of the facts and the referee signed his report but did not deliver it and while the proceeding was in that condition .the *cestui que trust* died without issue. The referee's report was delivered to the assignee of the first mortgage and filed one day before this action was commenced.

*Held,* that the second proceeding would have been futile against the objection of the remaindermen, notwithstanding the amendment of 1897, even though the *cestui que trust* had lived.

The amendment of 1897 was intended for the benefit of the estate and not in hostility to it and it did not authorize the proceeding for the purpose of paying a void mortgage.

The mortgagee was not a party to the second proceeding and the statute did not contemplate that he should be a party and the delivery of the referee's report to him was in effect a delivery to a stranger.

The court will not confirm the referee's report and ratify the mortgage by virtue of the statutory proceeding.

The mortgage was invalid, as a power given to a testamentary trustee to sell real property does not include the power to mortgage.

APPEAL by the plaintiff, Willis G. Bostwick, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Chemung on the 28th day of November, 1916, upon the decision of the court, rendered after a trial before the court without a jury at the Chemung Special Term, dismissing the complaint upon the merits, and adjudging that the bond and mortgage mentioned in the complaint was null and void, and ordering the clerk of the county of Chemung to cancel and mark void the said bond and mortgage in said clerk's office and cancel of record the notice of pendency of this action.

*Lewis E. Mosher,* for the appellant.

*George G. Reynolds,* for the respondents.

COCHRANE, J.:

This is an action to foreclose a mortgage executed in the year 1895 by the trustee under the will of Eliza D. Hall. She died in the year 1894. The action is defended by one of the remaindermen of the trust estate who has also acquired the rights of the other remaindermen. The ground of the defense is that the trustee had no authority to give the mortgage.

The testatrix devised certain real estate including that subsequently covered by the mortgage herein in trust for the benefit of her son Bray D. Hall (not the defendant) and directed that the premises should be rented by the trustees under her will and the rents thereof applied " to the payment of the expenses of the trust property, taxes thereon, the neces-

sary expenses of repairs and insurance, and all other expense of executing the trust, including fees of the trustees," and that the remainder of the rents and income should be applied to the maintenance and support of her said son and his family. She further provided that upon the death of her said son if no issue survived him the premises which were subsequently incumbered by the mortgage should vest absolutely in her heirs. She further provided that if by reason of sickness or other infirmity of her said son or by reason of other adverse circumstances the income which should be realized from the trust estate should be insufficient for his comfortable support and care or for any and all the purposes for which the trust was created her trustees might sell that portion of the devised real estate which was subsequently incumbered by the said mortgage and apply the avails of the sale to the support of her said son and to the other purposes of the trust.

In the year 1895 on a petition by the only trustee then acting stating that the real estate was in a dilapidated condition and in need of repairs and that the income from the trust estate was insufficient for the support of the said Bray D. Hall an order was made by the Supreme Court authorizing the mortgage in question covering the same premises which the testatrix by her will provided might be sold by her trustees under the circumstances therein specified. Pursuant to such order said mortgage was executed. Bray D. Hall died in the year 1899 never having had any issue. Under the will title to the real estate vested in another son of the testatrix and two sons of a deceased son. The two latter were infants at the time of the execution of the mortgage and neither they nor the surviving son of the testatrix had notice of the proceeding which resulted in said mortgage. That proceeding was instituted under chapter 886 of the Laws of 1895 amending the Revised Statutes * relative to uses and trusts. The mortgage was for $5,500. The mortgagee advanced the consideration in installments and had paid $4,400 when in November of 1895, the year the mortgage was executed, the Court of Appeals reversed the case of *Losey* v. *Stanley* (147 N. Y. 560), holding that the statute†

---

* 1 R. S. 730, § 65, as amd.— [REP.

† See Laws of 1886, chap. 257, amdg. 1 R. S. 730, § 65.— [REP.

only applied to life estates; that it did not affect remainders; that there was neither inherent nor statutory power in the court to cut off the rights of infant remaindermen, and that if the statute was intended to apply to adult remaindermen it would be unconstitutional. That decision clearly invalidated the mortgage except as to the life estate of the *cestui que trust,* and the mortgagee stopped paying the consideration of the mortgage.

The statute was amended by chapter 136 of the Laws of 1897.* The trustee in 1898 presented another petition to the Supreme Court for leave to execute a mortgage to pay off the former one and to raise the remaining $1,100. Notice was given to the three remaindermen who were then all of full age and they appeared and opposed the proceeding. An order of reference was directed to take proof of the facts. The referee signed his report but did not deliver it and while the proceeding was in that condition and in the year 1899 Bray D. Hall, the *cestui que trust,* died, thus terminating the trust and with it the proceeding. The court thereafter could not have authorized the trustee to execute a mortgage because the trust was ended and no attempt was made to do so. But even if the *cestui que trust* had lived the proceeding would have been futile against the objection of the remaindermen notwithstanding the amendment of 1897, as was subsequently held in *Matter of Easterly* (202 N. Y. 466), where the court affirmed and extended the doctrine of the *Losey* case, saying that it had " been frequently referred to in this court with approval." Neither did the statute authorize the proceeding for the purpose of paying a void mortgage. A perusal of the statute indicates clearly that it was intended for the benefit of the estate and not in hostility to the estate. Fourteen years after the report was signed it was delivered to the assignee of the mortgage in question and it was filed in 1915 the day before this action was commenced. In the meantime the referee had died and a new trustee had been appointed under the will. The mortgagee was not a party to the proceeding and the statute did not contemplate that he should be a party and the delivery of

---

* Amdg. Real Prop. Law (Gen. Laws, chap. 46; Laws of 1896, chap. 547), §§ 85, 87.— [REP.

the referee's report to him was in effect a delivery to a stranger. We are asked on this appeal to confirm such report and to ratify the mortgage by virtue of the statutory proceeding. It needs no further argument to say that this cannot be done.

The subsequent amendment of the statute by chapter 242 of the Laws of 1907 * (now sections 105 and 107 of Real Property Law) † and *Matter of O'Donnell* (221 N. Y. 197) cannot affect this mortgage.

It is now strenuously contended that the power of sale in the will included the power to mortgage. This question as it here presents itself is not an open one. In *Potter* v. *Hodgman* (81 App. Div. 233; affd., on opinion below, 178 N. Y. 580), a case which is undistinguishable from the present case, it was held that a mortgage executed under a power of sale was void.

The judgment should be affirmed, with costs.

Judgment unanimously affirmed, with costs.

---

* Amdg. Real Prop. Law of 1896, § 87.— [REP.

† Consol. Laws, chap. 50 (Laws of 1909, chap. 52), §§ 105, 107, as amd. by Laws of 1918, chaps. 403, 578.— [REP.