SPOOLAN REALTY CORPORATION, Plaintiff, *v.* THEODORE HAEBLER and Others, Defendants.

Supreme Court, Bronx County, April 14, 1931.

*Louis Rosenberg*, for the plaintiff.
*Eugene Cohn*, for the defendants.

SHIENTAG, J. Findings were made at the trial concerning the facts in dispute. On the legal propositions involved, I hold as follows:

1. The agreement, providing for an advance by the seller to the purchaser on the construction by the latter of a building on the property sold, and for a consolidated first mortgage on the property, is more than the ordinary undertaking to make a loan for breach of which there is an adequate remedy at law.

The agreement, sought to be specifically enforced, is part and parcel of a contract for the sale of real estate, fully performed by the purchaser. The seller, who agreed to make the advance, has received a substantial benefit; and a consolidated mortgage cannot be effected at law.

The agreement, therefore, is one which may be specifically enforced. (*Leach* v. *Fobes*, 11 Gray [Mass.], 506; 71 Am. Dec. 732; *Brown* v. *Smith*, [C. C.] 109 Fed. 26, 29; *Johnson* v. *Brooks*, 93 N. Y. 337, 343; *St. Regis Paper Co.* v. *Santa Clara Lumber Co.*, 173 id. 149; 2 Story Eq. Juris. [14th ed.] §§ 716–731; *Livingston* v. *Painter*, 28 How. Pr. 517.)

2. Plaintiff's predecessor in title fully performed all the terms and conditions of the contract on its part to be performed. A tender of its own bond by the plaintiff was sufficient under the contract and mortgage.

3. The executors under the will did not have power to enter into the contract in suit on behalf of the estate. A power to sell real estate on credit does not authorize construction of a building on vacant property or the financing of such construction. (*Bostwick* v. *Hall*, 191 App. Div. 610; *Trimboli* v. *Kinkel*, 226 N. Y. 147; *Matter of Newman*, [L. R.] 9 Ch. App. 681.)

4. Specific performance will lie as against the defendant Gnilbe Corporation. The individual defendants, who were legatees, together with the wife of one of them, also a legatee, organized the defendant corporation for the express purpose of keeping intact their distributive shares of the estate. Among the assets transferred to this corporation was the very mortgage involved in this controversy. The corporation ratified and adopted the agreement for and on its own behalf with full knowledge of its terms. It occupies a position different from that of an ordinary assignee. It acted upon the terms of the contract, accepted its benefits, and demanded that it be performed. Indeed, at least impliedly, it assumed the obligations of its assignors, and bound itself to perform the contract which it accepted. (*Langel* v. *Betz*, 250 N. Y. 159.)

Submit findings of fact, conclusions of law and judgment on notice.