■ In the Matter of the Estate of DORA ABERLIN, Deceased. SUSAN M. ERDA, Appellant. ATTORNEYS FOR THE AMERICAN COMMITTEE OF THE WEITZMANN INSTITUTE, Nonparty Appellant. [695 NYS2d 383] —In a proceeding to terminate a testamentary trust created under the will of Dora Aberlin, deceased, the trustee, Susan Erda, and the nonparty remainder beneficiary, Attorneys for the American Committee of the Weitzmann Institute appeal, as limited by their brief, from (1) an order of the Surrogate's Court, Queens County (Nahman, S.), dated August 11, 1997, and (2) so much of an order of the same court, dated July 27, 1998, as denied that branch of the trustee's motion which, pursuant to EPTL 11-2.3, was to vary the restrictions placed on the investment of trust principal by the terms of the trust.

Ordered that the appeal from the order dated August 11, 1997, is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the order dated July 27, 1998, is reversed insofar as appealed from, without costs or disbursements, and that branch of the motion which was to vary the restrictions placed on the investment of trust principal by the terms of the trust is granted.

The doctrine of equitable deviation has been applied to allow trustees to depart from the terms of a trust instrument where there has been an unforeseen change in circumstances that threatens to defeat or substantially impair the purpose for which the trust was created (see, Matter of O'Donnell, 221 NY 197).

The trustee sufficiently established that the doctrine of equitable deviation should be applied to this trust. The Surrogate's Court therefore should have permitted the trustee to deviate from the restrictions on the investment of trust principal, and allowed the trustee to make investments in accordance with the Prudent Investor Act contained in EPTL 11-2.3 (see, Matter of Lerner, NYLJ, July 22, 1998, at 32, col 2 [Sur Ct, Westchester County]; Matter of Siegel, 174 Misc 2d 698; Turano, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 17B, EPTL 11-2.3, 1999 Pocket Part, at 97).

As the appellants raise no arguments concerning the court's refusal to terminate the trust, the appeal from the order dated August 11, 1997, is deemed abandoned. Ritter, J. P., Joy, H. Miller and Smith, JJ., concur.