Moncrief, J.
An agreement between the guardian of an infant and his surety, that the surety shall hold all the property of which the guardian is the legal custodian, for his own indemnity, is subversive of the objects of the appointment, and of the purposes of requiring the guardiap to give security.
If effect be given to such an agreenient, it would be ' beyond the power of the guardian to perform his duty. He could not compel the surety to pay him the money belonging to the infant; and failing to perform his duty, the infant’s remedy would be against the surety. And that he would be compelled to seek through a substituted guardian, if the facts stated in the answer constitute a defense.
Upholding such a defense would lead to great abuse. Sureties for guardians would be persons who, as a condition of becoming sureties, would stipulate for the custody of the estate. Its proper use and safety would not depend in any degree upon the capacity or fidelity of the guardian. Whether it would be applied as the duty of the guardian required, would depend on the will of the surety, not on that of the guardian.
The guardian, if he has individual property, may pledge or mortgage it to indemnify his surety. But he may not pledge the property of his ward as security to his own surety, that he will do what the surety contracts he will do, viz., duly perform his duties as guardian.
Any agreement between the guardian and his surety, in respect to the property of the ward, which interferes with the guardian’s power to perform all the duties in respect to it, devolved upon him by his appointment, should be treated as void, upon considerations of public policy, and a fraud upon the statute requiring security for the due performance, by the guardian, of his duties as such.
It is not suggested that this Court has power to remove the guardian and should do so as a part of the relief to which the defendant is entitled in this action. If, within the knowledge of the surety, the guardian is unfit to be *237 continued, the surety cannot keep the infant’s money and act as guardian de facto. The facts 'stated in the answer constitute no defense to the action, and judgment should be entered for the plaintiff in accordance with the verdict.
Bosworth, Ch. J., and Robertson, J., concurred in this opinion.