Daniels, J.
The verdict was recovered for the amount decreed in the plaintiff’s favor as one of the next of kin of Henry Deobold, deceased, by a decree of the surrogate of the county of New York. As it was not paid, liberty was secured to prosecute the bond executed by the defendants as sureties for the administratrix of the estate. They resisted their liability under an order which, had been made upon the settlement of the accounts of the administratrix, cancelling the bond. But this order or decree was after-wards vacated upon the ground that the stipulation on which it proceeded had been fraudulently obtained.
That such was'thefact was proved by the evidence to the satisfaction of the court in an action to vacate it, and that *515 entitled the parties complaining of the order or decree, to the order obtained annulling it. For an agreement although allowed by an order or decree, obtained by fraud, is not obligatory upon the party defrauded, but may be annulled in a proper action by a court of justice. Gottsberger v. Taylor, 19 N. Y., 150; Lowman v. Yates, 37 id., 601; Casoni v. Jerome, 58 id., 315; Annett v. Ferry, 35 id., 256.
The defendants were not parties to the agreement, or to the order or decree of the surrogate following it, and for that reason were not entitled to be made parties in the proceedings brought to annul the agreement or to obtain the order or decree following it. As the order or decree was fraudulently obtained relieving them from liability on the bond,- it in judgment of law could not be attended with that result. And the interference of the court setting aside the agreement, and of the surrogate vacating the order or decree, merely gave effect to this legal principle, without subjecting the defendants to any further liabihty than that which followed from their executing the bond of the administratrix as her sureties.
It appeared that they were induced to become sureties by an agreement with the administratrix that the moneys of the estate should be passed into their possession, and that upon the cancellation of the bond, these moneys were restored to her. But this agreement or arrangement was not known to the other parties interested in the estate, and neither the agreement itself, nor what afterwards took place under it, could in any manner affect their rights for that reason. Besides that, under the authorities considering agreements quite analogous to this, the agreement or arrangement made by the administratrix with the defendants was void and inoperative, for the reason that it was against the policy of the law requiring the administratrix to keep the property and funds of the estate under her own control. Poultney v. Randall, 9 Bosw., 232; Wilder v. Butterfield, 50 How., 386.
Upon the evidence produced at the trial the plaintiff was entitled to recover, and both the judgment and the order from which the appeals have been taken should be affirmed.
The case of Philip Deobold, as executor of the estate of Maria Deobold, deceased, respondent, against Frederick Oppermann, jr., and another, appellants, depends upon the same state of facts so far as the question of liability is involved. And as the defendants were liable for the amount of the verdict directed against them, if upon the facts already considered they were liable at all, the judgment and order from which they have appealed, are also right and should be affirmed.
Davis and Brady, JJ., concur.