Andrews, J.
The attorney has a lien upon the judgment which he procured; but, if I understand the matter correctly, he has no lien upon the real estate. He occupies the position which any attorney does who has performed services for which he has not been paid. - His remedy is not by a motion of this character, but by an action against his client.
Andrews, J.—I have carefully re-examined the questions involved in this motion, and after such examination I am satisfied that the petitioner is entirely mistaken as to what his rights and remedies are. In the first place I cannot see that he has any lien. .His statement of the services rendered by him is (first) that he took such proceedings in the surrogate’s court as were necessary to procure the probate of the will; (secondly) that he brought an action for the construction of the will, and succeeded in obtaining a construction that was favorable to his client; (thirdly) that (it having been established by such construction of the will that his client was the owner, and entitled to the possession of a certain house), he assisted her in obtaining such possession. An attorney has a lien upon his client’s papers and upon his cause of action, or counterclaim, and also upon any judgment which he may recover; but where, as in this case, the action was brought for the construction of a will, the fact that the attorney obtains a construction favorable to his client does not give the attorney a lien upon the real estate which may be devised to his client by such will; nor does the fact that he may have rendered valuable services to his client give him a lien upon any personal estate which his client may have. In the second place, if the petitioner had a lien upon such real or personal property, it could not be enforced by a motion of this character. It would be necessary for the petitioner to brjng an action in equity to foreclose his lien, making his client a defendant in such action. In the third place, the petitioner, ac *925 cording to his own statement, is merely a general creditor of the infant, and, if he has a claim, the only method in which such claim can be enforced, so far as I know, is by bringing an action against his client. It may be that when such an action is brought the client will set up the defense of infancy, and he may fail, unless he can prove that his services are to be considered as necessary for his client; but that is a difficulty which always arises in dealing with infants, and in attempting to enforce claims against them. The petitioner seems to think that the fact that an infant is only liable upon a quantum merit lends some support to this application; but in this he is mistaken. In an action brought against an infant to recover for necessaries furnished to such infant, a recovery can be had upon a quantum meruit only; it being held that the contract of the infant as to the price is not binding upon him; but that rule affords no support to a proceeding like this, in which it is sought to summarily compel the infant to pay the amount claimed to be due to the petitioner. It is not necessary for the decision of this motion to determine whether the plaintiff, if he has a just claim, can maintain an action against his client; but if the claim is meritorious, I see no reason why he should not succeed in such action. It was decided many years ago that an attorney who had rendered services to his client in a civil action could not maintain an action to recover compensation for such services. Phelps v. Worcester, 11 N. H., 51. There are decisions, however, to the contrary. Thrall v. Wright, 3d8 Vt., 494; Munson v. Washband, 31 Conn., 303; Barker v. Hibbard, 54 N. H., 539. I think that the true doctrine in relation to cases of this character is correctly stated in Schouler’s Domestic Delations, § 412, as follows : “ On the whole it may be said that legal expenses on behalf of a minor may or may not be regarded as a necessary for him, according to circumstances and the reasonableness of incurring them. And it would appear that the burden of proof is upon an attorney to show that the suit could be viewed in such a light, so as to entitle him to recover for his fees and disbursements.”
The motion must be denied, but such denial will be without costs.
J. Me Crone, for app’lt; J. Fennel, for resp’t
Per Curiam.
We knew of no authority conferred upon this court by which it can appropriate upon petition or motion any part of the estate of an infant to the payment of claims against the infant. There is no way pointed out by which the court in such a proceeding can acquire jurisdiction of the infant. Mo such power is conferred by statute nor is it a part of the general equity jurisdiction of the court. In the case of infants the statute is explicit as to the method in which the court is to acquire jurisdiction, and this is always by the service of process upon the infant, and the appointment of a guardian.
It would therefore appear that the only way in which the appellant can recover his claim against the infant, if it is well founded, is, as was suggested by the court below, by an action. It may be *926 true that, even after judgment, application at the foot of the judgment may be necessary in order that the same should be collected out pf the estate of the infant, but the court having acquired jurisdiction in the action of the infant, and having rendered judgment against it, has the power to enforce its process.
We, therefore, concur in the views expressed by the learned court below in the opinion rendered upon the reargument, and think that the order appealed from should be affirmed, with costs.
Yan Brunt, P. J., and O’Brien, J., concur.