Matter of the Estate of JOHN T. MEEHAN, Deceased.

(Surrogate's Court, New York County, July, 1918.)

Trust — death of sole trustee — when administratrix of deceased trustee not liable to account to remaindermen — appointment of substituted trustee.

Where the *cestui que trust* of an unexecuted trust created by deed survived the trustee and no substituted trustee was appointed, the only person having a right to demand the corpus of the· trust fund from the administratrix of the estate of the deceased trustee is a substituted trustee appointed by the Supreme Court to execute the trust.

One interested in the corpus of the trust fund is not " a person interested in the estate " of the deceased trustee and his application upon the death of the *cestui que trust* to compel the administratrix of the deceased trustee to account for the corpus of the trust fund will be denied.

PROCEEDINGS upon the judicial settlement of the accounts of an administratrix.

Albert Van Winkle, for petitioner.

Wesselman & Kraus (Harry Lesser, of counsel), for administratrix.

FOWLER, S.    Peter J. Meehan filed a petition in this court alleging that he was a creditor of John T. Meehan, deceased, and praying for a citation directing the administratrix of John T. Meehan's estate to judicially settle her account as administratrix. The respondent filed an answer in which she alleged that the petitioner was not a creditor of John T. Meehan and was not a person interested in his estate. The issue raised by the pleadings was tried before me, and from the evidence submitted on the trial it appears

Surrogate's Court, New York County, July, 1918.    [Vol. 104.

that on March 13, 1905, Jane Meehan assigned and transferred to John T. Meehan, the intestate herein, as trustee, a bond and mortgage for $12,000, the interest to be paid to her during her life, and upon her death the trustee was directed and authorized to collect the money due on the mortgage and pay one-half of it to himself and his lawful issue and one-half to the other children of the grantor. Peter J. Meehan, the petitioner, is one of the children of the grantor. The mortgage constituting the trust fund was satisfied on May 24, 1912, and the sum of $12,000 paid by the mortgagor to John T. Meehan. The record does not show what disposition he made of this money, but there is evidence that on May 29, 1912, he deposited in his regular business account $2,000, and on June 4, 1912, $10,000. At the time of his death in November, 1912, the balance to his credit in the bank was $6,633.31.

Jane Meehan, the *cestui que trust,* survived John T. Meehan, the trustee, and died on March 4, 1915. No substituted trustee was appointed upon the death of John T. Meehan.

Letters of administration upon the estate of John T. Meehan were issued by this court to his widow, and she duly advertised for claims and distributed the estate, but she did not file an account of her proceedings as administratrix. No claim was filed by the petitioner within the time mentioned in the advertised notice for the presentation of claims to the administratrix.

Section 2727 of the Code provides that a petition praying for the judicial settlement of the accounts of an executor or administrator may be presented by " a creditor or a person interested in the estate or fund." The question presented to the court for determination is whether the petitioner is a person interested in the estate or fund within the meaning of those words in

section 2727.   He is not a creditor, because at the time
of the death of John T. Meehan he was not indebted
to the petitioner, and the latter was not entitled to the
possession of any part of the trust fund.   The interest
of the petitioner is derived from the deed of trust, and
such interest did not become absolute until the death
of the life beneficiary; therefore, as the life beneficiary
survived John T. Meehan, the petitioner had no claim
against the latter at the date of his death.   Whether
he is a person interested in the estate depends upon
whether he had a right to demand of the administra-
trix payment of any part of the trust fund.   Section 20
of the Personal Property Law provides that on the
death of a sole surviving trustee of an express trust,
if the trust be unexecuted it vests in the Supreme
Court and shall be executed by some person appointed
by that court.   Therefore, upon the death of John T.
Meehan the trust to pay the income from the bond and
mortgage of $12,000 to Jane Meehan during her life
and to pay the principal to the persons entitled thereto
vested in the Supreme Court.   The trust is still unexe-
cuted because under the deed of trust part of the duty
of the trustee is to divide the principal in the manner
prescribed by that instrument; therefore the persons
interested as remaindermen should apply to the
Supreme Court for the appointment of a substituted
trustee to execute the trust.   Such a person would be
entitled to follow the trust fund into the hands of the
administratrix of John T. Meehan, and upon papers
containing the necessary allegations would be entitled
to an order of this court directing her to account.   But,
as the trust was not created by will, this court has no
jurisdiction to appoint a substituted trustee or to fol-
low the trust fund and impress a trust upon the pro-
ceeds of the fund in the hands of third parties.

   There is nothing in the record to show that at the

time of the death of John T. Meehan he was not in possession of the trust fund and administering it in accordance with the terms of the deed of trust. At that time, therefore, no liability had been created against him in favor of the remaindermen. The only person who was directly interested in the execution of the trust during the life of the trustee was the life beneficiary, and it was not until her death that the petitioner became entitled to the payment of any part of the trust fund. The trustee predeceased the life beneficiary by more than three years, and his estate was distributed at the time of her death. Upon the death of the life beneficiary the petitioner became entitled to receive his share of the corpus of the trust fund, and he could then have applied to the Supreme Court for the appointment of a substituted trustee to take possession of the fund and make payment to persons entitled thereto.

The only person who would have the right to demand from the administratrix of the estate of John T. Meehan the corpus of the trust fund is a substituted trustee appointed by the Supreme Court to execute the trust. The administratrix has no power or authority to execute the trust, and therefore she could not pay the corpus of the trust fund, even if it came into her possession as administratrix of the estate of John T. Meehan, to the remaindermen. The distribution of the trust fund must be made by a substituted trustee. The petitioner, therefore, is not a person interested in the estate of John T. Meehan, and his application to compel the administratrix to account is denied.

Decreed accordingly.