In the Matter of the Estate of GEORGE H. WITHERELL, SR., Deceased.

ANNA H. REMINGTON, Appellant; GEORGE H. WITHERELL, JR., Executor, etc., of GEORGE H. WITHERELL, Deceased, Respondent.

Third Department, February 18, 1931.

*John F. Murray* and *William H. Murray* [*John F. Murray* of counsel], for the appellant.

*Frederick C. Filley*, for the respondent.

HILL, J. This litigation involves a rejected claim made by the estate of Lorenda S. King, deceased, against the estate of George H. Witherell, Sr., deceased, for $2,700, represented by two promissory notes dated in 1919. Each decedent left a will, of which George H. Witherell, Jr., was executor. The decedent King was a sister-in-law of the decedent Witherell, and resided in his family until his death in August, 1927, and thereafter with the younger Witherell until her death in November, 1929. The notes were produced from a source showing Mrs. King's possession of them. It was established that they were given for value, and while no evidence was offered in defense, the claimant negatived the Statute of Limitations with evidence that interest had been paid by the decedent Witherell and by his executor. Upon the merits, a reversal is necessary.

The parties, apparently by consent, adopted a simplified form of procedure. The proceeding was started by a petition in the Witherell estate, verified by Anna H. Remington, a legatee under the King will. The surrogate thereon vacated the decree settling the accounts of the Witherell estate, and after the hearing vacated the earlier order. The only reference to the notes was in the latter order in which it was recited in substance that there was a failure to prove an indebtedness. Mrs. Remington was not a person interested in the Witherell estate. (Surr. Ct. Act, § 259; Id. § 262, as amd. by Laws of 1925, chap. 578, and Laws of 1927, chap. 632; *Matter of Meehan,* 104 Misc. 219; *Matter of Witt,* 141 N. Y. Supp. 179.) The more orderly practice would require that Mrs. Remington petition in the estate of King for a compulsory accounting and if the account filed did not show that the notes had been collected, the issue here litigated could be properly tried upon objections looking to the surcharging of the executor's accounts. The executor of a creditor is a party interested in the estate of a deceased debtor. This irregularity of procedure is mentioned because of the new hearing to be had. These adult parties may consent to the practice to be followed, but if objection is made, the above is suggested. The consent and agreement between them should include the means by which any decree in favor of the claimant estate could be enforced.

The order and decree of May 15, 1930, should be reversed on the law and facts, with costs to appellant, and a new trial granted.

All concur, except VAN KIRK, P. J., who dissents and votes for affirmance.

Order and decree reversed on the law and the facts, and a new trial granted, with costs to the appellant to abide the event, payable out of the estate.