In the Matter of the Petition of FREDERICK M. NIELSON and Another, Appellants, to Compel FREDERICK M. NIELSON and Others, as Executors, etc., of NELLIE LYON, Deceased, to Account and Render and File an Account of Proceedings of Said NELLIE LYON, as Trustee under an Agreement of Trust with ALICE LAFFLIN, Deceased.

ARTHUR B. VAN LOON and Another, as Executors, etc., of NELLIE LYON, Deceased, and Others, Respondents.

Third Department, July 6, 1934.

*Wiswall, Walton, Wood & MacAffer* [*Frank L. Wiswall* of counsel], for the appellants.

*Killian & Knowles* [*Arthur Killian* of counsel], for the executors, respondents.

*Marlow & Hines* [*Ernest W. Marlow* and *Richard Lincoln* of counsel], for Franklin V. Canning and others, respondents.

*Frederick E. Draper*, special guardian for Cora M. Canning and others.

HILL, P. J. This appeal is from a decree of the Rensselaer County Surrogate's Court dismissing appellants' petition for an accounting by the executors under the will of Nellie Lyon, deceased, of her proceedings and acts as a trustee for Alice Lafflin and her heirs. The appellants are two of the heirs at law and next of kin. The reason given for the dismissal was that the Surrogate's Court did not have jurisdiction to hear and determine appellants' claims as the trust was *inter vivos* and not testamentary. Nellie Lyon was the daughter of Alice Lafflin. The mother predeceased her daughter. The trust for which an accounting is asked is founded upon a written agreement made on July 26, 1911, between the mother and daughter. The subject-matter of the agreement was the conveyance to Mrs. Lyon in trust of " all of the pieces of real property owned by her [Alice Lafflin] and located in the city of Niagara Falls and in the towns of Lewiston, Niagara and Wheatfield." A portion had been conveyed and thereafter deeds of the remainder were executed and delivered. It is recited in the agreement that mortgage foreclosures were pending against a portion of the property, and that Mrs. Lyon was ready to advance the moneys necessary " to effect the discontinuance of such foreclosure and relieve the financial pressure on the party of the first part [Mrs. Lafflin]; " the advancement to be made on the delivery of deeds and she was " to make, execute and deliver to the party of the

first part a trust declaration to the effect that she takes and holds the title to the properties so conveyed to her and heretofore conveyed to her as above mentioned for the use and benefit of the party of the first part, and for the following purposes." She was to undertake the refinancing of various maturing loans and if possible to sell items of the property, and with the proceeds to pay or reduce incumbrances, then " to retransfer the unsold properties to the party of the first part as soon as said mortgage has been reduced " to a stated amount. The agreement was to bind " the heirs, executors, administrators and assigns of the parties hereto." The petition states that Mrs. Lyon has sold all of the real property except the " Military Road Property " and has received in excess of $250,000, besides amounts sufficient to pay all mortgages, taxes, liens and incumbrances. The answers of the executors, besides raising the issue of jurisdiction upon which the petition was dismissed, pleaded that the transfer to Mrs. Lyon was an absolute gift and further that any obligation to account to the remaining heirs and next of kin of Mrs. Lafflin had been discharged and satisfied by the provisions which Mrs. Lyon had made in her will for these persons.

The Surrogate's Court has jurisdiction " to administer justice in all matters relating to the affairs of decedents  *  *  *,  to try and determine all questions, legal or equitable, arising between any or all of the parties to any proceeding  *  *  *  as to any and all matters necessary to be determined in order to make a full, equitable and complete disposition of the matter by such order or decree as justice requires." (Surr. Ct. Act, § 40.) Earlier decisions have been superseded by the above which was enacted in 1921. This general grant of jurisdiction is not to be read as limited by specific grants of jurisdiction as to enumerated subjects. It is not the function of the court to thwart the unlimited jurisdiction given Surrogates' Courts to administer all matters relating to the affairs of decedents and to make full, equitable and complete disposition. (*Matter of Raymond* v. *Davis*, 248 N. Y. 67.) In connection with the affairs of the decedent Nellie Lyon, it will be necessary to try and determine legal and possibly equitable questions arising through her acts under the trust agreement of 1911. It will be necessary to ascertain the amount of money, if any, in her estate that was received from the sale of the real property conveyed to her by her mother. The equitable ownership of the Military Road property is involved. The appellants assert ownership in the heirs of Mrs. Lafflin, the executors plead a conveyance absolute to Mrs. Lyon. The legal title to this property is in her name, the

equitable ownership is a matter relating to the affairs of her estate, and may be determined in Surrogate's Court. Should a decree be made that the executors reconvey this property in consonance with the trust agreement, its ultimate disposition and the division between the persons determined to be the owners may be a subject requiring the consideration of a forum other than the Surrogate's Court. (*Matter of Miller*, 257 N. Y. 349.) However, that question is not presented now.

The decree of the Surrogate's Court should be reversed on the law, with costs to the appellants payable out of the estate, and the matter remitted for a determination of the issues presented by the petition and answers.

RHODES, BLISS and HEFFERNAN, JJ., concur; McNAMEE, J., dissents, with an opinion.

McNAMEE, J. (dissenting). On July 26, 1911, Alice Lafflin and Nellie Lyon entered into an agreement in writing according to which Alice Lafflin agreed to convey to Nellie Lyon specified parcels of real estate; and in consideration therefor Nellie Lyon agreed to advance certain moneys for the benefit of Alice Lafflin, to execute and deliver to her a declaration of trust to hold the land for the use and benefit of Alice Lafflin, to collect the income, to pay the carrying charges, to effect the sale of some or all of said real estate, to make specified application of the net income and proceeds of sales, and, upon the happening of a stated contingency, to reconvey the unsold part of real estate to the grantor.

The real estate was conveyed by Alice Lafflin, as agreed, and the trust duties of Nellie Lyon were performed by her until Alice Laffin died intestate in 1916. Upon the death of Nellie Lyon, in 1933, the trust had not been fully executed, as alleged by the appellants, the proceeds of sales had not been paid over, and certain of the real estate had not been sold, nor reconveyed. It does not appear from the record whether the " trust declaration " mentioned in the contract was ever delivered or not.

The appellants began a proceeding in the Surrogate's Court, by which they sought to compel the executors of Nellie Lyon to account for her proceedings as trustee under said contract, to distribute the corpus of the trust fund, and to reconvey to the heirs of Alice Lafflin the unsold parcels of real estate, the record title to which remained in the name of Nellie Lyon. The executors filed their answer, in which, among other things, they denied the creation of the trust in question, and denied possession of any property belonging to said trust fund, and they alleged that the conveyance of the property above mentioned was a gift. The

surrogate held that his court had no jurisdiction to determine the claims presented, and dismissed the petition. From that decree this appeal is taken.

As appears from the face of the instrument, Alice Lafflin and Nellie Lyon made their contract without reference to the testamentary disposition of the estate of either of them; and by its terms it provided for its execution during their joint lives. The contract and its performance were transactions *inter vivos* in their nature, purpose and effect, and the obligations assumed by Nellie Lyon were clearly those of a trustee. Of such transactions, relations or parties the Surrogate's Court has no jurisdiction. (Surr. Ct. Act, § 171; *Matter of Miller,* 257 N. Y. 349; *Matter of Runk,* 200 id. 447; *Matter of Rosenblum,* 146 Misc. 537; *Matter of Crosby,* 136 id. 688.)

And the petition shows that the real estate conveyed to Nellie Lyon, and the proceeds of the sales thereof, vested in her as trustee, and not individually; and that she was accountable accordingly. Upon her death title did not pass to her heirs or personal representatives, but vested in the Supreme Court. (Pers. Prop. Law, § 20; Real Prop. Law, § 111.)

The appellants rely on the provisions of the second paragraph of section 40 of the Surrogate's Court Act as giving the surrogate jurisdiction to require an accounting and distribution under the contract in question. But it will be noted that this section confers jurisdiction on the surrogate " in all matters relating to the affairs of decedents." The section confers no jurisdiction over matters *inter vivos.* As above observed, the alleged trust in dispute and the funds belonging thereto were not property of Nellie Lyon, nor did they ever form any part of her estate. She never had any individual interest therein, nor control thereof, nor has her estate now. These funds are no part of " the affairs of decedents." (*Matter of Meehan,* 104 Misc. 219.) And in like manner the appellants have had recourse to subdivision 11 of section 20 of the same act as conferring power on the surrogate to pass upon the questions presented. That subdivision, like the balance of the section, provides only for the procedure to be followed by the surrogate in those matters of which he has jurisdiction.

It has been held that a surviving partner or a joint venturer may claim against the estate of the deceased partner or the deceased joint venturer for an accounting and his share of the property of the partnership or joint venture (*Matter of Raymond* v. *Davis,* 248 N. Y. 67; *Matter of Van Buren* v. *Estate of Decker,* 204 App. Div. 138); that the surrogate has jurisdiction to determine the effect of a contract not to contest a will. (*Matter of Cook,* 244 N. Y. 63.) But

these and similar cases involved property or rights in which the deceased in his lifetime had an individual interest or ownership, and where it was necessary to adjudge the interest of the estate of the decedent before passing on the claim. And while these and similar cases have carried the jurisdiction of the Surrogate's Court to the farthest point yet declared, they were regarded as possessing a testamentary character. They have no application here. In the case before us Nellie Lyon had only an official or representative interest in the trust alleged, but none of an individual or testamentary character. As trustee under the contract before the court the surrogate could not control the trustee's action during her life, pass upon her accounts, nor appoint a successor; and her death has not made an interest individual which before was merely official; nor has it given to the Surrogate's Court jurisdiction over a trust in which the decedent had only a representative interest.

The appellants have submitted to us since argument an amendment to the Surrogate's Court Act, section 206-a, authorizing a proceeding *against* an executor, administrator, temporary administrator, guardian or testamentary trustee, to compel the delivery of specific money or other personal property, or the proceeds thereof. This statute does not enlarge the powers of the Surrogate's Court to control trusts or trustees that are not testamentary, but clearly *inter vivos*, to call such trustee to account, or to direct the ultimate disposition of trust property that may fall into the hands of personal representatives upon the death of a trustee. The statute makes no provision for the delivery of real estate, much less for an action of specific performance to compel its transfer. And if it did, the executors here could not reconvey the real estate in question, because their decedent never had any beneficial interest in it, and they never had title to it themselves, legal or equitable. At most, the statute merely extends the discovery and delivery of property provided for by section 205 of the same act. It has no application here.

It seems plain that the Surrogate's Court has no jurisdiction of the petition in this case; and if it be so held finally, it may be found difficult in the future to determine what limitation there is upon the jurisdiction of a Surrogate's Court where a trust is involved. (*Matter of Miller*, 257 N. Y. 349, 356, 357.)

The decree should be affirmed, with costs.

Decree of the Surrogate's Court reversed on the law, with costs to the appellants payable out of the estate, and the matter remitted for a determination of the issues presented by the petition and answers.