CHARLES G. WELD, Exr., *vs.* CAROLINE L. WELD *et al.*

NEWPORT—SEPTEMBER 18, 1901.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1)  *Wills.   Trustees.   Powers.   Investments.*

Testamentary provision: "I give my trustees unlimited powers, but none of the principal of this estate is to be sold or exchanged unless par is obtained for the railroad bonds, but is to be kept together until after the death of every individual who is named as an annuitant in this will:"—

*Held*, that the "unlimited powers" given the trustees meant full powers of management and of investment and of re-investment, except as to the railroad bonds, which were to be retained until they could be sold at par.

*Held*, further, that, subject to this exception, the trustees were to have full power of sale in their discretion.

*Held*, further, that, if it should appear at any time that the bonds were diminishing in value and should be sold to prevent loss, the court could order a sale, notwithstanding the above provision, since the evident expectation of testator was that the bonds were to appreciate and not depreciate.

BILL IN EQUITY seeking the construction of a will.   Heard on bill and answers.

(1)    PER CURIAM.   The court is of opinion that the "unlimited powers" given to the trustees under the will of William G. Weld mean full powers of management and of investment and of re-investment, except as to the railroad bonds, which are to be retained until they can be sold at par.

Subject to this exception, the trustees were to have full power of sale in their discretion.

If, however, it should appear at any time that said bonds were diminishing in value and that they should be sold to prevent shrinkage and loss to the estate, undoubtedly the court could order a sale, notwithstanding the provisions of the will, since the evident expectation of the testator was that the bonds were to appreciate and not to depreciate.

*Pell* v. *Mercer*, 14 R. I. 412, 431.

*William P. Sheffield, Jr.*, for complainant.