GUARANTY TRUST CO. OF NEW YORK (Matter of BARHYDT), Plaintiff, *v.* UNITED STATES STEEL CORPORATION, Defendant.*

(Supreme Court, New York Special Term, September, 1918.)

*Trust — when testamentary trustee may sell non-legalized securities without leave of court.*

MOTION for judgment on the pleadings.

Stetson, Jennings & Russell, for plaintiff.

William W. Corlett, for defendant.

DONNELLY, J. This is a motion by the plaintiff for judgment on the pleadings under section 547 of the Code of Civil Procedure, bringing on for determination defendant's demurrer to the complaint. The

---

*Affirmed by Appellate Division, First Department, January, 1919, without opinion.—[REPR.

defendant makes a cross-motion for judgment on the amended complaint and its demurrer thereto upon the ground that the amended complaint does not state facts sufficient to constitute a cause of action. The sole question presented for decision is whether or not the plaintiff, as trustee under the will of David Parish Barhydt, is entitled to sell stock of the defendant corporation, which it holds as such trustee, without receiving authority from the court to make such a sale. The stock in question is not one authorized by the law of this state regulating the investment of trust funds. The will, however, provides in part as follows: " I give the trustee hereinafter named full power to retain all the property invested as it is now, without regard to the requirement of the law concerning investments by trustees and executors." The defendant admits that a trustee has power to sell non-legalized securities when there is no provision contained in the trust instrument with respect to retaining or selling such securities. The defendant contends, however, that this right to sell said securities is due to the fact that the court implies a power to make such sale for the reason that the law will not place a trustee in the impossible position of holding it responsible for retaining securities which it is not authorized to retain, without giving such trustee, by implication, the power to sell such securities and purchase in their place other securities which are legally authorized; that such rule can have no application in this case, because of the provision of the will above quoted, which, in effect, legalizes the investment; and that a trustee has no inherent right to sell such non-legalized securities. On the other hand, it is contended by the plaintiff that it is the duty of the trustee to sell non-legalized securities unless prohibited by the trust instrument, and that mere authority to hold such securities is not a prohibition of the power of

sale. I hold the latter rule to be the correct one. *Howe* v. *Lord Dartmouth,* 7 Ves. 137; *Matter of Roth,* 74 L. T. Rep. 50; *Toronto General Trust Co.* v. *C., B. & Q. R. R.,* 64 Hun, 1; affd., 138 N. Y. 658. The case of *Geyser Co.* v. *Stark,* 106 Fed. Repr. 558, simply holds that inasmuch as the stock therein referred to was in the name of a trustee the corporation was put upon inquiry as to whether or not the trustee had power to transfer the same. Such an inquiry in this case will disclose that the trustee has such power. Plaintiff's motion granted. Defendant's motion denied, with ten dollars costs.

Ordered accordingly.