## Stout v. Stout, et al.

(Decided October 14, 1921.)

### Appeal from Daviess Circuit Court.

1. Wills—Creation of Trust—Construction.—While a will in terms places all of the testator's property in trust for the purpose of continuing his business, if the subsequent provisions show that his primary purpose in creating the trust was to provide support and maintenance for his widow and the children living with her, it will be so interpreted.

2. Wills—Intention.—Ambiguous or apparently conflicting provisions in wills will be interpreted in the light of the natural instincts of men, so as to reach the intention of the testator.

3. Wills—Construction.—There being in the will no express disposition of the profits arising from the conduct of the business after the testator's death, but the will showing the primary purpose in creating the trust to be to provide a support and maintenance for his wife and such children as lived with her, and there being a further disposition of his whole estate at the death or re-marriage of his wife, there was a disposition by him of the excess of the income from the business.

4. Wills—Renunciation.—The provision by testator for the support and maintenance of his wife during her life or widowhood out of the proceeds of a trust created by him and making his wife the trustee so that she might secure such support and maintenance, was a substantial provision for the widow by the will and she was placed upon her election within the statutory period to renounce the same, if she sought to claim under the statute.

5. Trusts—Continuing Trusts.—The judgment that the trust was at an end because it was no longer profitable, by reason of changed conditions which the testator did not foresee, was proper, so far as it authorized the cessation of the operation of that business; but the corpus of the trust property being largely intact, and the chief reason for the creation of the trust still existing, and the time fixed by the testator for the cessation of the trust not having arrived, there should be a continued enforcement of it in so far as the changed conditions will permit.

6. Wills—Advancements.—The testator not having confined the support and maintenance which he provided for his wife and those children living with her to the income from the trust property, if

it should become necessary for that purpose she may encroach upon the corpus of the trust estate, especially in view of the fact that she had made large advancements to her children and grand-children out of the trust estate.

BEN D. RINGO, CLEMENTS & CLEMENTS and RICHARD H. SLACK for appellant.

W. P. SANDIDGE for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing.

George W. Stout, a resident of Daviess county, in January, 1907, executed the following will:

"I, Geo. W. Stout, of Owensboro, Daviess county, state of Kentucky, do make and publish this, my last will and testament, hereby revoking and annuling any and all former wills I may ever made.

"It is my will and desire that my business shall continue just as it has been conducted during my lifetime, and for this purpose I do hereby will and bequeath to my wife, Nancy Stout, all property of every character, real, personal and mixed, so long as she shall live and continue to be my widow, and the children together with her to continue as near the same as may be with my two sons, Walter R. Stout and Clyde W. Stout, both of them or either of them as may to them seem best to manage and carry on the business just as it has formerly been done, they being acquainted with and fully understanding the business; and that after her death or ceasing to be my widow, then it is my will and desire that all of our children, viz.: M. Etta Brown, now the wife of Thos. Brown, of Louisville, Ky.; Walter R. Stout and Clyde W. Stout, sons above mentioned, Woodie A. Stout and Bessie May Stout, the two last named being daughters and at this time unmarried, and the children of our son, J. W. Stout, deceased, shall all share equally in the said property, share and share alike, except that first there shall be deducted from the portion going to said children of said J. W. Stout, deceased, the sum of three thousand dollars ($3,000.00) money which I have advanced to my son, J. W. Stout, deceased, during his lifetime; and after this shall have been deducted from or rather shall be charged to them, each of the said children, being six in number, the estate shall be equally divided into six equal parts and they shall take share and share alike, deducting, however, from the portion going to the said children of J. W.

Stout, our deceased son, the said sum of $3,000.00 which I advanced and furnished said J. W. Stout, our son, during his lifetime.

"I also wish and hereby specially direct that there shall be no administrator appointed, but that my said wife, Nancy Stout, shall act as executrix of this my last will and testament, who, together with and by the assistance and management of our two sons, Walter R. and Clyde W., will carry on the business as above stated, and also I direct, that no inventory or appraisement be made of the said property, but the said executrix, Nancy Stout, shall be allowed to qualify and act without executing any bond or having any appraisement made or inventory of any portion of any property I may leave, and that the family will continue to live as nearly as during my life as possible.

"I also will and direct that that portion going to the children of our deceased son, J. W. Stout, shall be placed in the hands of a suitable and safe trustee, to be held by said trustee in trust for said children until the youngest one shall arrive at the age of twenty-one years, when it shall be equally divided between them, and if there shall by any income proceed from such portion as shall go to them, it shall also be added to and become a part of their estate.

"I also leave my said wife, Nancy Stout, free, by and with the wish and consent of the other children, the two sons and three daughters, to give any aid and assistance to said children of said son, J. W. Stout, deceased, that they all may desire and agree upon."

The testator died in 1912 and in June of that year the above will was probated.

The decedent was, for many years prior to his death, engaged on a considerable scale in the cooperage business at Owensboro, Kentucky, and was the owner of a plant used and conducted by him in that business and that is the business to which he refers in his will.

He was engaged chiefly in the business of manufacturing whiskey barrels and the plant he owned was especially equipped for that particular business.

The business was continued, as provided in his will, after his death, and for a few years was prosperous. But in the year 1918, because the manufacture of whiskey had become unlawful, there was no longer any demand for the whiskey barrels and, consequently, it was

thereafter impossible to carry on the cooperage business without a continued loss, and impossible, therefore, to execute further the trust created by the will in so far as it contemplated the continued manufacture of whiskey barrels.

This action was instituted in June, 1918, seeking to have the trust declared to be at an end, a construction of the will, settlement of the accounts of the testatrix, the sale of certain property and the settlement of the estate.

From the judgment construing the will this appeal is prosecuted, there being no complaint of anything else in the judgment.

The judgment of the lower court was that the decedent provided in his will that his cooperage business should be continued after his death just as it had been conducted during his life and for this purpose alone he had placed the title to his entire estate in his wife during her life or widowhood, with the provision that the business should be managed by his two sons or either of them, as might seem best to all his children; but that the title to the estate was not placed in the wife for life for her own use and support, but was placed in her in trust for the sole purpose of conducting the cooperage business; that the testator did not dispose of the profits to be derived from the conduct of his business during the life of his wife and did not, by his will, provide for the support of either his wife or any of his children from the conduct of this business, but simply created a trust to carry on his business after his death and during the life or widowhood of his wife, and provided the machinery for executing that trust; that he did not dispose of the profits to be derived from the trust or devise to anyone the beneficial use of his property during the life or widowhood of his wife; that he made no beneficial provision for his wife, as contemplated by the statute, and, therefore, she was not put to her election or required to renounce the will as required by statute, and that as to the widow the testator had died intestate, and no provision having been made for her, she now had the right to take under the statute and did take the absolute title to one-half of his personal property, including the profits accumulating from the business, and a dower interest in the real property, and that the children and grandchildren of the testator take their present interest, during the life of the wife, in the remaining half under the statute of descent and distribution, and the remainder interest therein,

after the death of the wife, they take under the will of the testator and subject to its terms; that the trust created by the will is at an end because of the impossibility of now conducting the business at a profit by reason of the changed conditions since the decedent's death, which he could not and did not foresee.

The literal interpretation of this instrument gives strong support to at least some of the views of the chancellor, for it must be admitted that in terms it does not give any beneficial interest to anyone during the life or widowhood of his wife; but when we take a broader view and interpret the same in the light of the natural instincts of men, and in view of the manifest solicitude of the decedent for the maintenance of his wife and the home over which she presided and such of his children as resided with her there, we are impelled to a different interpretation.

While in terms the title was placed in the widow "for the purpose" of continuing his business as he had conducted it during his lifetime, the underlying and chief purpose in his mind, as gathered from the subsequent provisions of the will, was that the business should be so conducted during her life or widowhood so that "the children together with her to continue as near the same as may be" and "that the family will continue to live as nearly as during my life as possible." From these expressions it is clear that the uppermost thing in his mind was to create a trust during her life and make his wife the trustee, so that the trust under the joint management of his wife and two sons would provide the means whereby the home over which his wife presided might be kept and maintained by her and for her support and maintenance, together with that of such of his children as might live in that home with her.

It is hardly conceivable that a normal man with natural instincts would by his will put all of his property into a trust without intending any provision whatsoever for the support of his wife and the maintenance of the home over which he knew she presided; and that this testator had no such purpose is clear from his twice expressed wish that his widow and children should continue to live, as nearly as may be, as they had lived during his lifetime.

Nor can we agree with the conclusion of the chancellor that this will did not dispose of any profits that might have been derived from the conduct of such business

during the life of the wife in excess of what was necessary to support and maintain her and such of the children as lived with her, in the manner they had been supported during his life. The fact, as we have seen, that the testator had the primary purpose in creating the trust to provide a support for the wife and such children, taken in connection with his subsequent disposition of his whole estate at the death or remarriage of his wife, seems to necessarily embrace whatever excess may be remaining at such future period of distribution; the devise of a beneficial interest in such profits is during the life or widowhood of the wife, to her and those children living with her to the extent it may be necessary to provide them a support similar to the one he provided in his lifetime, and the devise of the excess is necessarily embraced in the provision for a distribution at her death or remarriage.

Nor do we agree with the chancellor that there was no beneficial provision for the widow in this instrument and, therefore, she was not required to renounce the will as provided by statute, within one year. We have seen that the testator provided for his wife a support and maintenance during her life or widowhood and he placed the title to all his property in her in trust during that period, so that she was in position to secure the support and maintenance provided for her. We think this is a substantial provision for the widow and such provision as placed her upon her election within the statutory period to renounce the will if she sought to claim under the statute. Cummins v. Daniel, 9 Dana 361; Smoot v. Heyser, 113 Ky. 81. It follows from what has been said that the testator neither died without provision for his wife nor intestate as to any part of his property, not even the excess income from the trust.

The chancellor's judgment that the trust was at an end because it was no longer profitable to manufacture whiskey barrels for the reason that the manufacture and sale of whiskey is now prohibited by law, was proper in so far as it authorized the trustee to cease the operation of that business; but from what we have said in our interpretation of the provisions of the will and the purposes of this trust, it seems to follow that while the trust is at an end, in so far as the operation of the business is concerned, the corpus of the trust property being largely intact and the purpose for the creation of the trust still existing and the time fixed by the testator for the cessa-

tion of the trust not having yet arrived, there should be a continued enforcement of it.

. While it is no longer advisable to use the trust property in the manufacture of whiskey barrels, it is proper to carry out the purposes of the testator by the use of the trust property to carry out his intention to provide the support and maintenance for his wife and the children living with her. In this view of the case it is the duty of the trustee to invest the trust property and use the income from it just as she was authorized to use the same while it was employed in the cooperage business, and if it should appear that the income from the property is insufficient to furnish a support and maintenance for the wife and such of the children as may be living with her, she may even encroach upon the corpus of the trust estate for that purpose, for it will be observed that nowhere in his will does the testator confine the support and maintenance which he provides for his wife and those children living with her to the income from the trust property; we have seen that his chief concern in the creation of the trust was to furnish such support and maintenance, and there being no restriction confining her to the income alone, she may, if it should become necessary for that purpose, encroach upon the corpus of the trust estate.

Especially do we take this view in the light of the fact disclosed by the record that the trustee has heretofore, by consent, made large advancements to each of her children and grandchildren, out of the trust estate of which there is no complaint in this record, and, therefore, if the income from the remaining trust property is insufficient to furnish her and the children living with her such support and maintenance as was contemplated by the testator, she may use out of the remaining trust estate in her hands not only the income, but the corpus in so far as it may be necessary for that purpose. The fact that the assets of the trust estate have, from the necessities of the case, been withdrawn from the cooperage business, will not be permitted either to defeat the prime purpose of the testator in creating the trust, or to accelerate the settlement of the trust before the time fixed by him.

It was obviously the purpose of the testator to place all of his property of every kind in trust during the life or widowhood of his wife to the end that she, and those living with her, might have during that period the same support and maintenance he had always furnished

them, and that whatsoever might be left when the trust was terminated should be then divided as indicated in his will. The judgment is reversed with directions to enter a judgment construing the will as herein indicated.

Whole court sitting.