In the Matter of the Judicial Settlement of the Accounts of FIRST TRUST AND DEPOSIT COMPANY, as the Trustee under the Last Will and Testament of PERCY E. ROCHE, Deceased.

MARY DISSEL and Another, Appellants; FIRST TRUST AND DEPOSIT COMPANY, as Trustee, etc., of PERCY E. ROCHE, Deceased, Respondent.

Fourth Department, June 30, 1931.

*Sutherland & Dwyer* [*Arthur E. Sutherland, Jr.,* of counsel], for the appellants.

*Hiscock, Williams & Cowie* [*George W. Lee* of counsel], for the respondent.

PER CURIAM. Notwithstanding the positive direction of the testatrix in her will that her stock in the First Trust and Deposit Company be held and divided among the trusts thereby created and not disposed of until it became necessary to do so in order to settle her estate, we do not think that the court is powerless, in a proper proceeding, to order a sale of such stock, if an emergency has arisen, or if there is a changed condition of affairs where the best interests of the beneficiaries will be promoted by such sale and the reinvestment of the proceeds in some safe and conserva-

tive security, legal for trust funds, which will yield a larger income. (*Wood* v. *Wood*, 5 Paige Ch. 596; *Toronto Gen. Trusts Co.* v. *C., B. & Q. R. R. Co.*, 64 Hun, 1; affd., on opinion in General Term, 138 N. Y. 657; *Matter of Pulitzer*, 139 Misc. 575; *Greene* v. *Greene*, 19 R. I. 619.)

The application here is not made by the trustee for advice or direction. The trustee has remained silent, and has refused to comply with the request of the beneficiaries of the trust to convert the stock into a security yielding a larger income, relying upon the mandate contained in the will. It insists that it must retain the stock, even though its value sinks to nothing, and that the court is powerless to order its sale in the face of the direction of the donor of the trust.

Had the trustee asked for instructions no doubt the court would have been authorized to make such order as would be proper under the circumstances. (Surr. Ct. Act, § 215, as amd. by Laws of 1928, chap. 702.) The application here is made by the beneficiaries of the trust, who seek to compel the trustee to sell the stock held by it. We know of no authority which permits the beneficiaries of a trust to compel by order the trustee to invest the funds of the trust in any particular security.

A trustee is bound to employ such care and prudence in the management of an estate intrusted to its care as an ordinarily prudent person of intelligence and discretion would employ in his own business. If it fails so to do, it is personally liable to the beneficiaries of the trust for any damages sustained by reason of its neglect. (*Matter of Garvin*, 256 N. Y. 518.)

We are not passing upon the question of whether these appellants have any cause of action against the trustee for any neglect on its part. That question is not here. The appellants ask for no such relief in this proceeding. If the appellants have any relief because of the insistence of the trustee in retaining this bank stock in the face of its small yield and its large shrinkage in value, we think that the remedy lies in an action for damages, or by proper objection to the trustee's account, rather than in an attempt to dictate to the trustee in what securities it·should invest the corpus of the trust. That responsibility rests in the first instance on the trustee. It has a large discretion in the matter. However, if it neglects its duty, it is liable in damages to the beneficiaries of the trust.

In affirming the decree, we do so without prejudice to any proceeding which the trustee may take for advice or direction in the matter, or to any action or proceeding which the beneficiaries of either trust may institute in the future to recover from the trustee for its neglect to sell such bank stock or to make application for

an order so to do, or for any neglect on its part to keep the funds of said trusts invested in some good, safe and conservative securities, which would yield a proper return.

The provision of the decree which approves of the retention by the trustee of said bank stock and the direction to retain it in the future is stricken from the decree. The further provision that the true construction of the will required the trustee to retain and hold in the trusts all the bank stock " possible " is amended to read all the bank stock " in their hands at the time of decedent's death."

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Decree modified in accordance with the opinion and as modified affirmed, without costs of this appeal to either party.