## UNION & NEW HAVEN TRUST CO., TRUSTEE
### *vs.*
## ELLEN D. BEACH, ET AL.

Superior Court      New Haven County      File No. 57056

MEMORANDUM FILED JUNE 27, 1939.

*Wiggin & Dana*, of New Haven, for the Plaintiff.

Defendants *pro se.*

O'SULLIVAN, J. The plaintiff, as trustee under the will of Joseph P. Beach, late of Cheshire, seeks in this action authority to sell three certain shares of stock which constitute the sole assets of a trust fund created by paragraph 13 of Mr. Beach's will. The defendants, who comprise all those having an interest in the trust fund have answered, admitting the allegations of the complaint and joining in the prayers for relief.

Joseph P. Beach died in 1911. By his will, he created a trust, the corpus of which consisted of three shares of the capital stock of a certain corporation whose total capital stock consists of 200 shares. The testator provided that "should my said trustees deem it expedient to sell said shares, or any part thereof, I hereby authorize and empower them so to do, provided, and upon the condition, that the sum of ten thousand dollars or more is realized for each share."

No dividends have been paid upon the stock since the testator's death. For many years, the corporation has suffered large annual losses and has been able to continue operations only because of large loans which from time to time have been made to it. As a consequence, it now has a large and constantly increasing deficit. There is little, if any, prospect that dividends will be declared during the life of the present life tenant. Obviously, the value of the stock has greatly shrunk and this decline continues constantly. There is reasonable probability that if the shares are retained, they may eventually become worthless. If this occurs, the life tenants will never have enjoyed any benefit from the fund and an equally unfortunate experience may reasonably be forecast for the remaindermen.

The plaintiff has received an offer for the shares of $1,000 plus the costs and expenses of this action. Aside from such offer, there is no market for the stock. The life tenant and the remaindermen request the court to approve the trustee's application to sell.

Courts have frequently authorized the sale of personal property held in trust, even though such a sale was expressly prohibited by the terms of the instrument creating the trust, where circumstances have so changed since the donor's death that the trust could not be administered in strict accordance with the terms of the trust instrument, or where a sale has been necessary to preserve the trust estate from loss. *Stout vs. Stout,*

192 Ky. 504, 233 S.W. 1057; *Price vs. Long*, 87 N.J. Eq. 578, 101 Atl. 195; *Matter of Pulitzer*, 139 Misc. 575, 249 N.Y.S. 87, aff'd 237 App. Div. 808, 260 N.Y.S. 975; *Matter of Roche*, 233 App. Div. 236, 251 N.Y.S. 347; *Weld vs. Weld*, 23 R.I. 311, 50 Atl. 490. *See, also, Bankers Trust Co. vs. Greims*, 108 Conn. 259; *Moeller vs. English*, 118 id. 509.

It is obvious that the shares of stock involved in this case are useless to accomplish what Mr. Beach had in mind, namely, to provide an income for his children during their lives and upon their death to transfer property of value to his grand-children. Little as is the sum to be realized from the sale in comparison to what the testator had hoped to realize, it is better to bolster the trust with it to its limited extent than to permit the present status of the fund to continue unchanged.

Calling, then, upon the equitable power inherent in this court, it is ordered that the trustee be authorized and empowered to accept the offer of purchase, to sell and transfer the three shares of stock, to hold the net proceeds of the sale upon the same trusts as provided in the will, and to invest and reinvest such proceeds in the manner provided by law for the investment of trust funds.

Judgment may enter accordingly.