BELL v. ALHAMBRA TEMPLE MOSQUE CO. et al., No. 2.—143 S. W. (2d) 888.

Eastern Section. August 10, 1940.

Petition for Certiorari Denied by Supreme Court, October 5, 1940.

Farrar & Grandin, of Chattanooga, for appellant.

Cantrell, Meacham and Moon, of Chattanooga, for appellee Wright.

McAMIS, J. In the year 1921 Earnest Bell, a member of the defendant below Alhambra Temple, a fraternal organization, died leaving the complainants as surviving children. The Alhambra Temple undertook to raise, by subscription, a fund for the benefit of complainants as children of said Earnest Bell and for the benefit of his widow. The amount so raised was approximately $2,100.

The Temple later, by resolution, turned said fund over to the defendant below D. George Morgan as trustee, to be managed and controlled for the benefit of complainants and the widow of said Bell. A committee of members including the defendant below, John S. Fouche, was also appointed to serve as trustees. The Chan-

292

cellor found, and of this finding there is no complaint, that the income from the funds was paid to the widow and children for a number of years and, so far as appears, until Morgan, on February 1, 1930, without any court action so authorizing, invested $2,100 in a participation certificate of the First National Bank of Chattanooga. Upon the failure of the First National Bank the assets securing such certificates, amounting to a large sum, passed into the hands of a receiver. On November 24, 1933, D. George Morgan sold said certificate to the defendant below, R. T. Wright, Sr., now deceased, for $882, being the market price for such certificate in Chattanooga on the date of said sale.

The bill herein was filed May 19, 1938, against the Alhambra Temple Mosque Company, D. George Morgan and the members of the committee appointed by the Temple to handle and invest said funds. Pending the suit the Alhambra Temple and certain other defendants paid complainants the sum of $450 and obtained from them a covenant not to sue. The suit was thereupon dismissed as to said defendants but proceeded to trial as to D. G. Morgan and John S. Fouche. Fouche failed to answer the bill and a pro confesso was entered against him. At the hearing the Chancellor rendered a decree for over $3,000 against Morgan but refused to pass a decree against Fouche upon the ground that the bill failed to state sufficient facts upon which to base a decree as to Fouche. The bill as to him was dismissed. The Chancellor also found in favor of Wright's executor and dismissed the suit as to him. Complainants have appealed, complaining of the action of the Chancellor in declining to render a decree against Fouche upon the pro confesso judgment against him and assigning as error the action of the Chancellor in dismissing the suit as to Wright.

As to the action of the Chancellor in declining to enter a final decree based upon the judgment pro confesso against Fouche, we are constrained to agree that the original and amended bills fail to state sufficient facts upon which to predicate a decree in personam against Fouche. There is no allegation in the bill that any of said funds ever passed into the hands of Fouche or that he ever accepted the trust. The bill alleges that Morgan wrongfully and without authority invested $2,100 in certificates of the First National Bank pool and from this it is to be inferred, since the amount of said investment corresponds with the amount of the fund raised for the benefit of complainants, that said funds had been kept intact up to that date. It is not alleged that Fouche had any part or knew of the illegal and unauthorized use of said funds as charged in the bill. At one point in the bill it is alleged that Fouche, along with other members of the committee, wasted said fund but this is negatived by the fact that, according to the bill, Morgan had on hand at the date of said investment the same amount originally

raised for the benefit of complainants. In the absence of any allegation that Fouche accepted his appointment as a member of the committee and as a result of said appointment and acceptance obtained funds which were illegally or improperly handled and managed, no decree can be rendered upon a judgment pro confesso. Unless Fouche accepted the trust and mismanaged the funds which came into his hands as trustee, he would be under no duty of accounting to complainants.

A bill which fails to show a state of facts entitling complainant to a decree will not justify a final decree based upon a pro confesso. Gibson's Suits in Chancery (Higgins and Crownover), Section 210.

It appears that the certificate in question was issued in the name of D. George Morgan "Treasurer, Bell Relief Fund" and when sold to Wright was endorsed in the same way and transferred in consideration of the payment by Wright to Morgan of the sum of $882. The bill alleges that Wright knew, or by the exercise of reasonable care could have known, that D. George Morgan was not the owner of the certificate and had no authority to sell it. It is insisted that Wright thereby became liable to the beneficiaries of the trust for any of said funds which might be placed in his hands.

The Chancellor found, and it is now conceded in the brief filed in this court by complainants, that the investment of trust funds in certificates of the pool was not authorized by any statute or by court order and, therefore, constituted an illegal investment. The Chancellor further held, however, that a trustee who finds himself in possession of the fruits of an illegal investment not only has the right to dispose of such investments but is under the positive duty of doing so. This holding is not made the subject of an assignment of error in this court and appears to us well supported by the authorities cited in the opinion. For this reason we deem it unnecessary to pursue this question at any length. We are content to follow the same authorities cited by the Chancellor and conclude that the Chancellor was correct in holding that it was the duty of the trustee Morgan, after having made an illegal investment, to convert it immediately. Bogert on Trusts, Vol. 3, Sec. 686, pages 2062, 2063.

The Chancellor further held that since it was the duty of the trustee to convert such investments, there was no need to apply to a court for permission to do so. The only action which a court could take under such circumstances would be to direct the trustee to take the action required by law and, as the Chancellor observed, to apply to the court under such circumstances would be a mere idle gesture. Bogert on Trusts, Vol. 3, Sec. 686, page 2071; Citizens' National Bank v. Jefferson, 88 Ky., 651, 11 S. W., 767; Guaranty Trust Co. v. United States Steel Corp., 107 Misc., 720, 176 N. Y. S., 402.

■ Since the trustee was within his rights and, in selling the securities, carried out a duty imposed upon him by law, it follows· that Wright violated no duty to the beneficiaries in purchasing the certificates. We think the Chancellor was correct in dismissing the suit as to Wright.

Other defenses interposed by Wright need not be considered. We find no error in the decree below, and it must be affirmed with costs.

Portrum and Ailor, JJ., concur.