In the Matter of the Estate of ANNA HOGARTH YOUNG, Deceased.

Surrogate's Court, Ontario County, April 27, 1942.

*Whitbeck & Holloran* [*Walter J. Holloran* of counsel], for the Genesee Valley Trust Company, as trustee, petitioner.

*Arthur T. McAvoy*, special guardian for Margaret Sue Harman and William Ronald Harman, infants.

CLEERE, S. The facts shown to the surrogate in this proceeding present a novel situation.

The decedent, Anna Hogarth Young, died on October 7, 1918, leaving a last will and testament dated September 21, 1918, which was duly admitted to probate in this court.

Under the terms of paragraph " fourth " of said will the decedent established a trust consisting of shares of stock of the Sherwin-Williams Company and directed that the Genesee Valley Trust Company hold said stock or its substitute for the benefit of certain persons named and designated in said trust. The donor further directed that the said stock should be held by the trustee as long as it was profitable and in the judgment of the trustee a " safe investment."

The donor foreseeing that at some time in the future the trustee, in the exercise of its judgment, might sell said stock or a part thereof, further directed that in the event of such sale and transfer the proceeds therefrom should be invested " in bonds secured by first mortgage upon improved real property in the State of New York worth at least twice the amount of the mortgage."

In 1937 the trustees sold 150 shares of said stock and invested the proceeds in first mortgages upon real property in the State of New York worth at least twice the amount of said mortgage.

The trustee now finds itself in possession of $1,657.34 representing uninvested trust funds and the balance of the capital stock of the Sherwin-Williams Company and the aforesaid first mortgages.

The trustee has applied to this court upon notice to the adult life tenant and the adult and corporate remaindermen and the two infant heirs of said adult remainderman for a construction of paragraph " fourth " of the will of the decedent and for instructions as to its powers and duties thereunder in view of the situation which now faces it.

The surrogate believes that a construction of said paragraph " fourth " should be had in so far as it is necessary to determine the within application of the trustee. Paragraph " fourth " of the will is as follows:

" *Fourth.* If my daughter, Sue Seymour Young Hopkins, shall survive me, I give and bequeath to the said corporation, Genesee Valley Trust Company, five hundred shares of the capital stock of The Sherwin-Williams Company, located at Cleveland, Ohio, in trust however, for the following uses and purposes, viz: to hold the same, or the substitute therefor, if said stock shall be sold as hereinafter authorized, during the lifetime of my daughter and semi-annually, after paying thereout all lawful charges, to pay over to my said daughter the remainder of the dividends, profits, interest and income therefrom; and at her death to assign, transfer, deliver and pay said stock, or any substitute therefor, together with any accumulations thereon, to her duaghter, Fidelia Hopkins, if then living, or if not living, then to Fidelia Hopkins' then living descendants, *per stirpes*, should neither Fidelia Hopkins nor any descendants be then living, I give said stock, or the substitute, to the said corporation, The Presbyterian Board of Relief for Disabled Ministers and the Widows and Orphans of Deceased Ministers.

" Should my said daughter pre-decease me, I give said five hundred shares of said stock to her daughter, Fidelia Hopkins, if living, or if dead, then to the descendants of Fidelia Hopkins, *per stirpes;* should neither Fidelia Hopkins nor any descendants sur-

vive me, I give said stock to the aforesaid The Presbyterian Board of Relief for Disabled Ministers and the Widows and Orphans of Deceased Ministers.

" If my said grand-daughter, Fidelia Hopkins, at the time she becomes entitled to the above stock or substitute, shall not have attained the age of thirty years, in that event I give and bequeath the said stock, or substitute, to the said corporation, Genesee Valley Trust Company, or direct the said Company to continue to hold the same, in trust however, for the following uses and purposes, viz: to hold the same, or the substitute therefor, until the said Fidelia Hopkins shall attain the age of thirty years, and semi-annually, after paying thereout all proper charges, to pay over the remainder of the dividends, profits, interest and income therefrom to the said Fidelia Hopkins; and when my said grand-child shall attain the age of thirty years or sooner die, to assign, transfer, deliver and pay over the said stock, or substitute, together with any accumulations thereon to the said Fidelia Hopkins, if living, or if dead, to her then living descendants, *per stirpes;* or if she shall die before attaining the age of thirty and leave no descendants her surviving, to the said The Presbyterian Board of Relief for Disabled Ministers and the Widows and Orphans of Deceased Ministers.

" I wish my said trustee to hold all of said five hundred shares of stock as long as the same shall continue profitable, and in the judgment of the officers of said trustee, a safe investment, and whenever a sale and transfer of said stock, or of any of the securities in the trust fund, shall be deemed advisable, I authorize and direct my said trustee to make such sale and transfer and to invest the proceeds from such sale or sales in bonds secured by first mortgage upon improved real property in the State of New York worth at least twice the amount of the mortgage.

" Note. I direct that the income hereunder shall be paid to my daughter, Sue Seymour Young Hopkins, from the time of my death, or if she does not survive me, then to my grand-daughter, Fidelia Hopkins, from said time."

The trustee has presented to the surrogate a verified petition and has offered sworn testimony in support of its application. This sworn testimony coming from the trust investment analyst of the trustee, a man who has had extensive experience in the trust investment field, shows the surrogate that it is impossible for the trustee to secure a mortgage investment in first mortgages upon improved real property in the State of New York worth at least twice the amount of the mortgage loan as directed by the decedent. The record shows that in the city of Rochester, particularly, there is a marked competition in the banking field for first class mortgages

upon improved real property. It further shows that the Federal Housing Authority insures loans upon real property up to ninety per cent of its value. It further shows that uninsured loans on real property are made, secured by first mortgages of about sixty-six and two-thirds per cent of the value of the real property.

The testimony indicates that due to drastic changes in our financial and economic picture during the past ten years the trustee now faces a situation which could not have been foreseen by the testatrix. The testimony further indicates that in the opinion of the trustee, the present economic and financial situation, particularly as it affects the investment of trust moneys in first class mortgages, has existed for some time past and may continue for the next five years.

Under the circumstances the trustee asks the surrogate to permit it to invest uninvested funds of the said trust estate in securities in which savings banks of this State are by law authorized to invest the money deposited therein.

The trustee has shown good foresight in applying to the court at this time for the relief which it seeks because it places itself in a position to adequately protect all of the interests of the trust *in futuro*.

There has been no opposition by any of the interested parties herein to the application of the trustee. The special guardian for the infants made a thorough, complete study of the matter and has rendered a report approving of the application.

It was the evident intent of the testatrix to establish a trust for the benefit of her daughter, her granddaughter and the descendants of the granddaughter if they should be alive and capable of enjoying her bounty.

The surrogate holds that the directions of the donor to the trustee to invest the uninvested funds of the trust in real property mortgages as described in the will are mandatory and exclusive directions and are not suggestions or expressions of a wish. The question as to whether or not there should be a greater diversification of the corpus of the trust fund is not here presented for determination, that being left to the good judgment of the trustee. Suffice it to say the soundness of the investment as made by the donor during her lifetime has not been shaken during the past twenty odd years and the increase in value of the investment is good indication of the soundness of the donor's judgment.

However, the surrogate does not believe that the donor intended that her trustee should be required to perform the impossible and particularly is this true when the donor undoubtedly did not foresee the situation which today faces her trustee.

The courts of this State have uniformly permitted a deviation from the terms of a trust whenever its provisions have become impracticable or impossible of fulfillment. The trustee because of the present day impossibility of fulfillment of the terms of the trust faces a situation where, unless deviation from the express terms of the trust is had, a valuable asset of the trust estate may be in part or wholly lost to the trust.

However, it must be borne in mind that the paramount desire of the testatrix was to have her uninvested trust funds invested in mortgages in the manner directed by paragraph "fourth" of the will.

Therefore, the surrogate holds that in the exercise of the inherent equitable powers conferred upon this court, a decree should be made herein allowing the trustee to invest the uninvested proceeds of the corpus of the trust fund in securities recognized by law as being safe investments and as defined by section 21 of the Personal Property Law. The surrogate believes that this deviation from the terms of the trust should be allowed so long as the situation which faces the trustee today continues and the permission to deviate from the express terms of the trust is hereby granted until further order of the court.

The trustee is hereby instructed to inform this court of any change in the real estate market which permits investment of uninvested trust funds in real property mortgages specified by the donor in the trust.

Submit affidavits in support of application for allowances.

Let decree be entered in accordance with this decision.