## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  January 7, 2016        521155
_____

In the Matter of the Estate of
   LEON C. CHAMBERLIN,
   Deceased.

                               MEMORANDUM AND ORDER

EAST HEBRON UNITED
   PRESBYTERIAN CHURCH et al.,
                 Appellants.

_____


Calendar Date:  November 19, 2015

Before:  Lahtinen, J.P., McCarthy, Egan Jr., Lynch and
        Devine, JJ.

_____


     Greenfield, Stein & Senior, LLP, New York City (Gary B.
Freidman of counsel), for appellants.

     Eric T. Schneiderman, Attorney General, Albany (Kate H.
Nepveu of counsel), in his statutory capacity under EPTL
8-1.1 (f).


_____


Lahtinen, J.P.

     Appeal from an order of the Surrogate's Court of Washington
County (McKeighan, S.), entered March 6, 2015, which, in a
proceeding pursuant to EPTL article 8, denied petitioners'
application to remove the investment restrictions of decedent's
will.

     Leon C. Chamberlin (hereinafter decedent) died in 1999 and
his will made bequests to, among many others, three churches —
petitioners herein — in the amounts of about $217,000, $460,000
and $260,000.  The will directed each petitioner to hold such
funds in trust, invest only in insured bank accounts and

government securities and use the net income for maintenance of the physical property of each church.  Because the return on investments in insured bank accounts and government securities has been so low for many years, petitioners applied pursuant to EPTL 8-1.1 (c) to amend the current investment restrictions and authorize them to invest in accordance with the Prudent Investor Act set forth in EPTL 11-2.3.  The Attorney General appeared pursuant to EPTL 8-1.1 (f) and consented to the change sought by petitioners.  Finding the absence of an unforeseen change in circumstances, Surrogate's Court denied the petition and this appeal ensued.

EPTL 8-1.1 (c) embodies "New York's statutory articulation of cy pres and equitable deviation" (Board of Trustees of Museum of Am. Indian, Heye Found. v Board of Trustees of Huntington Free Lib. & Reading Room, 197 AD2d 64, 75 [1994], lv denied 86 NY2d 702 [1995]).  Equitable deviation involves altering or amending an administrative provision, whereas cy pres effects a substantive change (see Bogert's Trusts and Trustees § 396 [2015] [Note: online treatise]; Matter of Uris, 27 Misc 3d 1205[A], 2010 NY Slip Op 50552[U], *2 [Sur Ct, Nassau County 2010]).  Thus, equitable deviation may be appropriate where cy pres is not because an administrative change can be made without altering the purpose of the trust or changing its disposition provisions (see Bogert's Trusts and Trustees § 396 [2015] [Note: online treatise]).  Some cases addressing common-law equitable deviation required an unforeseen change in circumstances (see generally 11 Warren's Heaton, Surrogate's Court Practice § 188.07 [2015] [Note: online treatise]), whereas the statutory provision applicable to charitable trusts does not require the change to be unforeseen (see EPTL 8-1.1 [c]; cf. N-PCL 555 [b]).  The statute provides that "whenever it appears to [Surrogate's Court] that circumstances have so changed since the execution of an instrument making a disposition for religious . . . purposes as to render impracticable or impossible a literal compliance with the terms of such disposition, the court may, on application . . . make an order or decree directing that such disposition be administered and applied in such a manner as in the judgment of the court will most effectively accomplish its general purposes, free from any specific restriction, limitation or direction contained therein" (EPTL 8-1.1 [c] [1]).

Here, decedent's intent was to provide each petitioner with a principal amount of money from which funds would be generated to assist in the maintenance costs of the physical property of each. Petitioners seek limited additional authority regarding the manner in which investments of the principal are administered, they do not seek to alter the specific charitable purpose or disposition provisions (compare Matter of Hummel, 30 AD3d 802, 804 [2006], lv denied 7 NY3d 713 [2006]). Petitioners established that the current investment restrictions have for many consecutive years reduced the income from each trust to essentially negligible amounts. Those restrictions have become impracticable and frustrate each trust's purpose of generating funds to assist in church maintenance. Under analogous circumstances, courts have cautiously exercised their equitable power to permit deviation of investment restrictions (see Matter of Aberlin, 264 AD2d 775 [1999]; Matter of Muir, NYLJ, Jun. 7, 2013 at 21, col 1 [Sur Ct, NY County 2013]; Matter of Siegel, 174 Misc 2d 698 [1997]; Matter of Talman, 126 Misc 2d 860 [1984]; see generally Bogert's Trusts and Trustees § 396 [2015] [Note: online treatise]). We deem such relief appropriate here.

McCarthy, Egan Jr., Lynch and Devine, JJ., concur.


ORDERED that the order is reversed, on the law, without costs, petition granted and the investment restrictions in decedent's will are amended to permit petitioners to invest the subject trust funds in accordance with the Prudent Investor Act as set forth in EPTL 11-2.3.


ENTER:

Robert D. Mayberger
Clerk of the Court